CAROL M. THOMPSON v. DONALD O. THOMPSON, L & O, INC., A CORPORA-
TION; AND ROBERT B. PRYOR, TRUSTEE, AND STEPP, GROCE, PINALES &
COSGROVE, A PARTNERSHIP v. CAROL M. THOMPSON

No. 554A84

(Filed 2 April 1985)

Attorneys at Law § 7.1; Quasi Contracts and Restitution § 1.2— domestic relations
—contingent fee contract—void as against public policy—no grounds for inter-
vention

> In an action in which the former attorneys of the plaintiff in a domestic
> action were allowed to intervene to enforce a contingent fee contract, the
> Court of Appeals should not have upheld intervention by the attorneys for
> recovery in quantum meruit after holding that the contingent fee contract was
> void as against public policy. The contract being void, intervenors had no in-
> terest in the property or the transaction that was the subject of the suit and
> there was no basis for intervention.

APPEAL by plaintiff, pursuant to G.S. 7A-30(2) of a decision of
the Court of Appeals (*Johnson, J.*, with *Hill, J.*, concurring and
*Hedrick, J.* [now C.J.], dissenting), reversing and remanding a
judgment by *Gash, J.*, entered 4 January 1983 in District Court,
HENDERSON County. The opinion is reported at 70 N.C. App. 147,
319 S.E. 2d 315 (1984). Heard in the Supreme Court 4 February
1985.

The appeal is from an order allowing the former attorneys of
the original plaintiff (Ms. Thompson) to intervene in her action
against the original defendant, her husband.

The suit between Ms. Thompson and her husband sought to
resolve property and other rights arising out of the marriage of
the parties.

Stepp, Groce, Pinales & Cosgrove, a partnership made up of
attorneys, was, over the objection of Ms. Thompson, allowed to in-
tervene in her suit against her husband under Rule 24 of the
Rules of Civil Procedure. G.S. 1A-1, Rule 24. The attorneys then
filed a complaint against her seeking to recover on a contingent
fee contract they had entered into with her on 27 January 1981.
They were discharged by Ms. Thompson on 16 February 1981.

Under the terms of that contract the attorneys were to re-
ceive from Ms. Thompson one-fourth of any amount recovered for
her arising out of the "domestic difficulties existing between she

and her husband." The trial court allowed a recovery but deducted the amount Ms. Thompson had paid her new attorney to bring and settle her action against her husband.

The Court of Appeals held that the contingent fee contract entered into between Ms. Thompson and her attorney was void as against public policy. The Court then held that the attorneys were entitled to recover in *quantum meruit* and remanded the case for determination of the reasonable value of the services rendered prior to 16 February, the day they were discharged.

Judge Hedrick (now Chief Judge) agreed that the contingent fee agreement was void but dissented on the grounds that it was error to allow the attorneys to intervene in Ms. Thompson's lawsuit.

*Lentz, Ball & Kelley, P.A., by Ervin L. Ball, Jr., for defendant appellant.*

*Stepp, Groce & Cosgrove, by W. Harley Stepp, Jr. and Edwin R. Groce, for plaintiff appellee.*

VAUGHN, Justice.

The Court of Appeals held that the contingent fee contract for legal services to be rendered in connection with matters arising out of the domestic difficulties between Ms. Thompson and her husband was void and unenforceable exclusively by virtue of the fact that it violated the public policy of this State. Review of that decision has not been sought and therefore the validity of that decision is not before us.

The opinion of the Court of Appeals on that point is the law of this case as it now stands before us. The contract being void, intervenors had no interest in the property or the transaction that was the subject of Ms. Thompson's suit. There was, therefore, no basis for the order allowing intervention. The Court of Appeals should have, therefore, vacated the order allowing intervention and dismissed the intervenors from that suit. It erred in not doing so.

Although in view of our disposition of the case a decision on the point is not necessary, we note that it is generally held that if there can be no recovery on an express contract because of its

repugnance to public policy, there can be no recovery on *quantum meruit. Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968) (unlicensed contractor). *Insulation Co. v. Davidson County,* 243 N.C. 252, 90 S.E. 2d 496 (1955) (county commissioner contracting for repair work for county).

The opinion of the Court of Appeals remanding the case for determination of the reasonable value of the services rendered prior to 16 February 1981, the date the attorneys were discharged, is reversed. The case is remanded to the Court of Appeals for remand to the District Court of Henderson County for an order vacating the order allowing intervention and for the entry of an order dismissing the action filed by the intervenors against Ms. Thompson.

Reversed and remanded.