328 S.E.2d 288 (1985)
313 N.C. 288
Carol M. THOMPSON
v.
Donald O. THOMPSON, L & O, Inc., a corporation; and Robert B. Pryor, Trustee.
STEPP, GROCE, PINALES & COSGROVE, a Partnership,
v.
Carol M. THOMPSON.
No. 554A84.
Supreme Court of North Carolina.
April 2, 1985.
*290 Lentz, Ball & Kelley, P.A. by Ervin L. Ball, Jr., Asheville, for defendant-appellant.
Stepp, Groce & Cosgrove by W. Harley Stepp, Jr. and Edwin R. Groce, Hendersonville, for plaintiff-appellee.
VAUGHN, Justice.
The Court of Appeals held that the contingent fee contract for legal services to be rendered in connection with matters arising out of the domestic difficulties between Ms. Thompson and her husband was void and unenforceable exclusively by virtue of the fact that it violated the public policy of this State. Review of that decision has not been sought and therefore the validity of that decision is not before us.
The opinion of the Court of Appeals on that point is the law of this case as it now stands before us. The contract being void, intervenors had no interest in the property or the transaction that was the subject of Ms. Thompson's suit. There was, therefore, no basis for the order allowing intervention. The Court of Appeals should have, therefore, vacated the order allowing intervention and dismissed the intervenors from that suit. It erred in not doing so.
Although in view of our disposition of the case a decision on the point is not necessary, we note that it is generally held that if there can be no recovery on an express contract because of its repugnance to public policy, there can be no recovery on quantum meruit. Builders Supply v. Midyette, 274 N.C. 264, 162 S.E.2d 507 (1968) (unlicensed contractor). Insulation Co. v. Davidson County, 243 N.C. 252, 90 S.E.2d 496 (1955) (county commissioner contracting for repair work for county).
The opinion of the Court of Appeals remanding the case for determination of the reasonable value of the services rendered prior to 16 February 1981, the date the attorneys were discharged, is reversed. The case is remanded to the Court of Appeals for remand to the District Court of Henderson County for an order vacating the order allowing intervention and for the entry of an order dismissing the action filed by the intervenors against Ms. Thompson.
REVERSED AND REMANDED.