WILLIAM J. TOWNSEND, PLAINTIFF v. ARLENE R. T. HARRIS, DEFENDANT

No. 9012SC763

(Filed 5 March 1991)

**Attorneys at Law § 54 (NCI4th)— alimony and child support—contingent fee contract—void**

The trial court did not err by declaring void a contingent fee contract between plaintiff attorney and his client in an action for alimony and child support. *Thompson v. Thompson*, 70 N.C. App. 147, was appealed to the N.C. Supreme Court because of a dissent and the Supreme Court noted that review of the decision as to whether the contingent fee contract was void had not been sought and was not before it.

**Am Jur 2d, Attorneys at Law § 257; Divorce and Separation § 603.**

APPEAL by plaintiff from *Johnson (E. Lynn), Judge.* Judgment entered 2 April 1990 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 11 February 1991.

*William J. Townsend, plaintiff, appellant, pro se.*

*Reid, Lewis, Deese & Nance, by James R. Nance, Jr., for defendant, appellee.*

HEDRICK, Chief Judge.

The plaintiff, an attorney, has appealed from a judgment declaring his contract with his client, the defendant, void.

In her counterclaim, the defendant sought a declaratory judgment, pursuant to G.S. 1-254, declaring that her contract with the plaintiff was void as being against public policy.

The record before us discloses that on 2 November 1979, the parties entered into a contract whereby the plaintiff agreed to

represent the defendant in an action to recover alimony and child support. The plaintiff's fee for this representation was to be twenty per cent (20%) of the total amount recovered.

The trial court allowed defendant's motion for summary judgment and entered a judgment declaring that the contract entered into between the plaintiff and the defendant was void.

The only question presented on this appeal is whether the trial court erred in declaring the contract in this case void.

In *Thompson v. Thompson*, 70 N.C. App. 147, 319 S.E.2d 315 (1984), we held that a contract for the payment of a contingent fee upon an attorney procuring a divorce for his client, or contingent in amount upon the amount of alimony and/or property awarded is void as against public policy. *Thompson* was appealed to the Supreme Court because one of the judges on the Court of Appeals dissented, but not because of the holding that the contingent fee contract was void as being against public policy. On appeal, our Supreme Court, speaking through Justice Vaughn, noted that review of the decision as to whether the contingent fee contract was void had not been sought and was not before them, and that "[t]he opinion of the Court of Appeals on that point is the law of this case as it now stands before us." *Thompson v. Thompson*, 313 N.C. 313, 314, 328 S.E.2d 288, 290 (1985).

Thus, we are bound by our decision in *Thompson* and we affirm the judgment dated 2 April 1990 declaring the contingent fee contract between the plaintiff and his client to be void.

Affirmed.

Judges COZORT and LEWIS concur.