RONALD WILLIAMS, P.A., PETITIONER v. RAMONA SANDS GARRISON, RESPONDENT

RONALD C. WILLIAMS, INDIVIDUALLY, PETITIONER v. RAMONA SANDS GARRISON, RESPONDENT

No. 9122SC94

(Filed 7 January 1992)

1. **Attorneys at Law § 56 (NCI4th)— alimony and child support— contingent fee contract based on amount of equitable distribution—contract void**

     Where it is indisputable that a contingent fee contract for divorce based on the amount of an equitable distribution is void, and where the law of this state is clear that contingent fee contracts for alimony and child support are also void, a contingent fee contract for alimony and child support based on the amount of an equitable distribution is void as against public policy.

   **Am Jur 2d, Attorneys at Law § 257.**

2. **Rules of Civil Procedure § 11 (NCI3d)— proceeding not grounded in fact or warranted by law—improper purpose—sanctions proper**

     The trial court properly imposed Rule 11 sanctions against petitioner attorney for filing of a proceeding which was not well grounded in fact, was not warranted by existing law, and was interposed for an improper purpose where petitioner filed a petition for partition and sale of lakefront property belonging to respondent and her husband in violation of a standing Temporary Restraining Order postponing the sale of the property and effectively barring petitioner from taking any such action, and petitioner filed this petition four days after representing himself at a hearing for preliminary injunction on this issue, in full knowledge that the TRO was still in effect and a decision on the preliminary injunction pending.

WILLIAMS v. GARRISON

[105 N.C. App. 79 (1992)]

Am Jur 2d, Costs § 30.

Attorney's liability under state law for opposing party's counsel fees. 56 ALR4th 486.

APPEAL by petitioner from order and sanctions entered 11 December 1990 in IREDELL County Superior Court by *Judge C. Preston Cornelius*. Heard in the Court of Appeals 6 November 1991.

*Ronald C. Williams, pro se.*

*Charles M. Welling for Ramona Sands Garrison, respondent.*

LEWIS, Judge.

Petitioner represented respondent in an action for equitable distribution, alimony and child support. The retainer letter reads in relevant part:

It was a pleasure visiting with you. After studying your case, I believe that a fair and reasonable fee would be 15 percent of your share of the equitable distribution for all items except the items of cash. . . . On these items that 20 percent is reasonable. This fee would include a hearing for permanent child support and temporary and permanent alimony hearings and trial as well as equitable distribution. It will be necessary for you to pay out of pocket expenses such as court reporter fees for depositions, expert witness fees, appraisals, photocopies, long distance telephone costs, etc. as we go along. Cost does not include mileage for me.

If this arrangement is satisfactory, would you please sign below. . . .

After Mr. Williams represented the respondent in these matters, as well as in an action by her former husband to partition jointly owned lake front property, Mr. Williams sought to assert a charging lien against the same property to protect his rights under the contract. Subsequent to a hearing for partition by sale pursuant to the lien, the trial court declared the contract void for violation of the public policy set forth in *Davis v. Taylor*, 81 N.C. App. 42, 344 S.E.2d 19 (1986) and *In Re Foreclosure of Cooper*, 81 N.C. App. 27, 344 S.E.2d 27 (1986). Petitioner was also sanctioned pursuant to Rule 11 of the North Carolina Rules of Civil Procedure

**WILLIAMS v. GARRISON**

[105 N.C. App. 79 (1992)]

for court costs, attorney's fees and out of pocket expenses. Petitioner appeals.

[1] Mr. Williams argues that the contract should not be held void as against public policy because it did not provide for a fee to be paid out of alimony or child support. Mr. Williams further argues that his contract sets a contingent fee for equitable distribution and in effect, no charge for the other services, that a contingent fee contract for equitable distribution is valid pursuant to *In Re Foreclosure of Cooper*, at 29, 344 S.E.2d at 29, and that no public policy would be served by requiring him to charge an additional, hourly rate for the alimony and child support.

The contract does not expressly state that there is no charge for child support and alimony, but rather that the fee for representation for "permanent child support and temporary and permanent alimony hearings as well as for equitable distribution," is "15 percent of your share of the equitable distribution for all items except cash," and 20 percent for cash. Our reading of the contract indicates that the contract is a contingent fee contract for child support and alimony as well as for equitable distribution, to be calculated on the basis of the client's share of the equitable distribution assets.

Therefore, the question before us is whether the prohibition against contingent fee contracts for alimony and child support applies only where the fee is based on the amount of alimony or child support received. Appellants' reasoning is that the prohibition does not extend to those contracts in which the contingent fee is based on equitable distribution alone.

The law of this state is clear that a contingent fee contract for representation in a divorce proceeding is prohibited. *Thompson v. Thompson*, 313 N.C. 313, 314, 328 S.E.2d 288, 290 (1985). This is true even though such contingent fee cannot be based on the amount of money received in a divorce proceeding proper because no money is at issue. Such contracts are void regardless of how the contingent fee is calculated. The law of this state is clear that a contingent fee contract covering representation for alimony or child support subsequent to a divorce proceeding is likewise void. *Davis v. Taylor*, at 45, 344 S.E.2d at 21. Consequently, a contingent fee contract for either alimony or child support is void regardless of how such fee is to be calculated. Appellant relies on the holding of *In Re Cooper* in arguing that contingent fee

contracts based on the amount of an equitable distribution are valid. The holding of that court was stated in part as follows:

> We conclude that, although a contingent fee contract in a divorce, alimony or child support proceeding is void under *Thompson v. Thompson*, (citations omitted), a *separate* contingent fee contract in an equitable distribution may be fully enforceable.

*Id.* at 29 (emphasis added). Appellant's contract is not a "separate" contingent fee contract in an equitable distribution because it also includes representation for alimony and child support.

Where it is indisputable that a contingent fee contract for divorce based on the amount of an equitable distribution is void, and where the law of this state is clear that contingent fee contracts for alimony and child support are also void, we hold that a contingent fee contract for alimony and child support based on the amount of an equitable distribution is void as against public policy.

[2] Appellant also assigns as error the trial court's imposition of Rule 11 sanctions against him. Rule 11 of the North Carolina Rules of Civil Procedure states that:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose. . . .

In *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706, 714 (1989), the Supreme Court adopted the following standard for appellate review of the granting or denial of motions to impose mandatory sanctions under Rule 11(a):

> The trial court's decision to impose . . . sanctions under N.C.G.S. 1A-1, Rule 11(a) is reviewable de novo as a legal issue. In the de novo review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact and (3) whether the findings of fact are supported by the sufficiency of the evidence.

*Id.*

The record shows that Mr. Williams filed, on 30 April 1990, a petition for partition and sale of the lake front property in violation of a standing Temporary Restraining Order postponing the sale of the property and effectively barring Mr. Williams from taking any such action. Mr. Williams filed this petition four days after representing himself at a hearing for preliminary injunction on this issue, in full knowledge that the TRO was still in effect and a decision on the preliminary injunction pending. We therefore conclude that Mr. Williams' filing of Special Proceeding 90 SP 098 was not well grounded in fact and was not warranted by existing law, and that it was imposed for an improper purpose. The trial court's Rule 11 sanctions against petitioner are affirmed.

Affirmed.

Judges WELLS and WALKER concur.