DIANA RUTH WAGONER, PETITIONER v. WILLIAM S. HIATT, COMMISSIONER NORTH CAROLINA DIVISION OF MOTOR VEHICLES, RESPONDENT

No. 9221SC417

(Filed 3 August 1993)

**Automobiles and Other Vehicles § 87 (NCI4th) — two offenses of driving while impaired — convictions in reverse order — four-year revocation of license proper**

    N.C.G.S. § 20-19(j) authorizes the Division of Motor Vehicles to amend its N.C.G.S. § 20-19(d) revocation orders when the convictions occur in reverse order than the offenses so as to allow the intended four-year revocation of the offender's driver's license; therefore, the trial court should have affirmed the four-year revocation of petitioner's license where she was arrested for driving while impaired on 9 November 1990 and

9 December 1990, and was convicted of the second offense on 18 January 1991 and of the first offense on 25 January 1991.

**Am Jur 2d, Automobiles and Highway Traffic § 144.**

Appeal by respondent from order signed 25 February 1992, *nunc pro tunc* for 11 February 1992 by Judge Howard R. Greeson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 30 March 1993.

On 9 November 1990, petitioner was arrested in Forsyth County on a charge of driving while impaired (hereinafter referred to as "first offense"). On 9 December 1990, petitioner was arrested again in Forsyth County on a separate charge of driving while impaired (hereinafter referred to as "second offense"). On 18 January 1991, petitioner was convicted of the second offense. On 25 January 1991, petitioner was convicted of the first offense. Petitioner received two notices of revocation of her driver's license, each for one year, one carrying an effective date of 18 January 1991 and one carrying an effective date of 9 March 1991. Petitioner also received a notice of revocation of her driver's license for four years effective 18 January 1991.

Petitioner filed a petition in Forsyth County Superior Court to contest the four-year revocation of her driver's license by respondent. The trial court granted her petition, concluded that the four-year revocation was unauthorized under N.C. Gen. Stat. §§ 20-17 and 20-19, and ordered the four-year revocation reversed and stricken. From this order, respondent appeals.

*Paul C. Shepard for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Bryan E. Beatty, for respondent-appellant.*

ORR, Judge.

Respondent contends that the Division of Motor Vehicles was authorized under N.C.G.S. § 20-19(d) and (j) to revoke petitioner's driver's license for four years. We agree.

Petitioner correctly argues that the statute should be given its plain meaning, and the plain meaning of N.C.G.S. § 20-19(d), when read alone, does support her contention that the four-year revocation was unauthorized. N.C.G.S. § 20-19(d) provides:

When a person's license is revoked under subdivision (2) of G.S. 20-17 [which requires revocation for the conviction of an impaired driving offense] and the person has another offense involving impaired driving for which he has been convicted, which offense occurred within three years immediately preceding the date of the offense for which his license is being revoked, the period of revocation is four years, and this period may be reduced only as provided in this section. . . .

However, "Statutes *in pari materia* are to be construed together, and it is a general rule that the courts must harmonize such statutes, if possible. . . ." *Justice v. Scheidt*, 252 N.C. 361, 363, 113 S.E.2d 709, 711 (1960). Thus, subsection (d) of the statute must be interpreted in the context of the entire section. N.C.G.S. § 20-19(j) specifically refers to subsection (d):

The Division is authorized to issue amended revocation orders issued under subsections (d) and (e), if necessary because convictions do not respectively occur in the same order as offenses for which the license may be revoked under those subsections.

In matters of statutory construction, the task of the courts is to ensure that the purpose of the Legislature, the legislative intent, is accomplished. The best indicia of that legislative purpose are the language of the act and what the act seeks to accomplish. *State ex rel. Hunt v. North Carolina Reinsurance Facility*, 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981). The language in contention is part of the Uniform Driver's License Act, which was designed

to safeguard the use of our highways from those who are not qualified to operate motor vehicles, from those guilty of certain violations of our statutes regulating the use of motor vehicles, e.g. . . . drunken driving, etc., to exercise some measure of control over such operators, and generally to make uniform, so far as practicable, the granting or withholding of this privilege to operate a motor vehicle in furtherance of the safety of the users of the State's highways.

*Harrell v. Scheidt*, 243 N.C. 735, 738, 92 S.E.2d 182, 184 (1956). We believe that the purpose of N.C.G.S. § 20-19 is to provide a uniform standard period for the withholding of the privilege to operate a motor vehicle following certain offenses. Under the trial court's interpretation of the statute, a two-time offender could easily circumvent the four-year revocation called for by subsection

(d) by continuing his hearing on the first offense until after he is convicted of the second offense. "A court should always construe the provisions of a statute in a manner which will tend to prevent it from being circumvented." *Campbell v. First Baptist Church of Durham*, 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979). Thus we must read subsections (d) and (j) of N.C.G.S. § 20-19 together, giving consideration both to the legislative intent of ensuring standard penalties for the same offenses and to the policy of preventing circumvention of the statute.

We find that N.C.G.S. § 20-19(j) authorizes the Division to amend its subsection (d) revocation orders when the convictions occur in reverse order than the offenses, allowing the intended four-year revocation of the offender's driver's license. Therefore, the trial court should have affirmed the four-year revocation of petitioner's driver's license.

We reverse the order of the trial court and remand for the entry of judgment affirming the four-year revocation of petitioner's driver's license.

Reversed and remanded.

Judges JOHNSON and McCRODDEN concur.