GAIL PATRICIA KELLY, PLAINTIFF V. DANIEL JOSEPH KELLY, DEFENDANT

No. COA04-441

(Filed 21 December 2004)

## 1. Appeal and Error— preservation of issues—failure to object

Although plaintiff wife contends the trial court erred in an alimony case by finding the parties' net cash flow was $7,388 per month for the last few years of their marriage, this assignment of error is dismissed because: (1) plaintiff failed to object to the evidence at trial; and (2) plaintiff's argument that the trial court erred by determining that self-employment taxes did not offset defendant's pay is rejected.

## 2. Divorce— alimony—net income—marital portion of income

The trial court did not abuse its discretion in an alimony case by calculating defendant husband's net income and the marital portion of his income for the forty-day period between 1 September 1993 when defendant was promoted to partner, and 10 October 1993, the date of separation, because: (1) although defendant got a pay increase, he also became responsible for paying his own self-employment taxes from that period forward; (2) the trial court did not err by relying on another judge's findings, which were binding, in determining the amount defendant paid in income taxes; and (3) competent evidence supported the trial court's finding regarding defendant's required six-percent Keogh profit sharing contribution.

**3. Divorce— alimony—net income—standard of living**

The trial court did not abuse its discretion in an alimony case by finding defendant husband's net income did not increase significantly during the forty-day period prior to the parties' separation and that the parties' standard of living was not significantly increased, because: (1) plaintiff's reference to her prior argument regarding the trial court's error in calculating defendant's net income has already been overruled; and (2) N.C.G.S. § 50-16.5 states the trial court is to consider the parties' accustomed standard of living and not the potential standard of living.

**4. Divorce— alimony—reasonableness of monthly expenses**

The trial court did not err in an alimony case by finding plaintiff wife's current monthly expenses of $6,078 to be unreasonable and defendant husband's monthly expenses of $6,306 to be reasonable, because: (1) the trial court was bound by the Court of Appeals' prior decision on this issue that the prior trial court had not abused its discretion in finding that plaintiff's reasonable expenses were one-third of the amount since the total family expenses previously covered four other family members in addition to plaintiff; and (2) plaintiff had the opportunity in her first appeal to challenge the reasonableness of defendant's expenses, availed herself of this opportunity by objecting only to the inclusion of the children's expenses which were subsequently removed from the calculation, and now her new theory that was not raised in her first appeal is barred.

**5. Divorce— alimony—amount**

The trial court did not err by awarding plaintiff wife $550 per month in alimony, because: (1) it has already been determined that the trial court did not err by finding both parties' expenses to be reasonable; (2) the trial court awarded plaintiff seventy-five percent of the marital estate in its equitable distribution order; and (3) plaintiff failed to show the trial court abused its discretion when her net deficit is only $462 and defendant's excess income is only $894.

**6. Costs— attorney fees—alimony**

The trial court did not abuse its discretion by denying plaintiff wife's request for attorney fees incurred as a result of litigation regarding alimony, because: (1) a trial court's ruling to award subsistence pendente lite does not require the allowance of attorney fees; and (2) even though plaintiff was awarded permanent

alimony, nothing under N.C.G.S. § 50-16.4 requires the trial court to grant plaintiff's motion for attorney fees.

Appeal by plaintiff from order entered 18 December 2003 by Judge Monica M. Bousman in Wake County District Court. Heard in the Court of Appeals 18 November 2004.

*Lynne M. Garnett, for plaintiff-appellant.*

*Sokol & LeFante, P.A., by Lisa.LeFante, for defendant-appellee.*

TYSON, Judge.

Gail Patricia Kelly ("plaintiff") appeals from an order entered awarding her permanent alimony and denying her claim for attorney's fees. We affirm.

## I. Background

Plaintiff and Daniel Joseph Kelly ("defendant") were married on 27 September 1974 and separated on or about 10 October 1993. The parties have three children born of the marriage, all of whom are now majority age. During the marriage, both parties worked and took courses toward obtaining college degrees. Defendant received his undergraduate degree in 1977, and plaintiff last took courses toward her degree in 1989. During the last few years of the marriage, plaintiff's average gross annual income was in the mid-$30,000.00 range, while defendant's average gross annual income was approximately $100,000.00. During the marriage, both parties committed adultery.

On 14 February 1994, plaintiff filed a complaint seeking a divorce, child custody and support, alimony, equitable distribution, and attorney's fees. On 7 October 1994, the trial court awarded plaintiff alimony *pendente lite*. On 29 November 2000, the trial court entered an equitable distribution order awarding plaintiff approximately seventy-five percent of the marital estate. The following day, the trial court entered an order finding plaintiff to be a dependent spouse. The trial court denied plaintiff's request for alimony and attorney's fees on the basis of plaintiff's disproportionate distributive award in the equitable distribution order and defendant's payment of spousal support since 7 October 1994. Plaintiff appealed.

In an unpublished opinion filed 2 August 2002, this Court reversed the trial court's order filed 30 November 2000 denying

plaintiff permanent alimony and attorney's fees. *Kelly v. Kelly,* 151 N.C. App. 748, 567 S.E.2d 468 (2002) (unpublished opinion). We held the trial court erred by: (1) attributing to plaintiff an estate based on its value at the date of separation instead of the date "before or after the commencement of an action seeking an award of permanent alimony;" (2) failing to find the parties' reasonable expenses relevant in its decision to deny alimony; (3) finding defendant's expenses for vehicles and rent payments for the parties' daughters to be "reasonable expenses" because they were "a voluntary assumption of legal obligations;" (4) finding plaintiff made no effort to complete her education or to advance in her career, or to change her employment; and (5) failing to make a finding regarding whether defendant's pay increase during the six weeks prior to the parties' separation was offset by his obligation to pay self-employment taxes. *Id.*

On remand, the trial court conducted a hearing on 27 January 2003. The trial court made additions to and changes in the findings from the 30 November 2000 order, some of which are now contested on appeal, and ordered defendant to: (1) pay plaintiff alimony commencing 28 November 2000 in the amount of $550.00 per month and terminating after four years or upon the parties' death or plaintiff's remarriage; and (2) pay plaintiff arrearage in alimony of $20,350.00 no later than 31 December 2003. The trial court denied plaintiff's request for attorney's fees. Plaintiff appeals.

## II.  Issues

The issues on appeal are whether the trial court erred by: (1) finding the parties' net cash flow was $7,388.00 per month for the last few years of their marriage; (2) calculating defendant's net income and the marital portion of his income for the forty-day period between 1 September 1993 and 10 October 1993, the date of separation; (3) finding defendant's net income did not increase significantly during this period and that the parties' standard of living was not significantly increased; (4) finding plaintiff's current monthly expenses of $6,078.00 to be unreasonable and defendant's monthly expenses of $6,306.00 to be reasonable; (5) calculating plaintiff's reasonable monthly expenses by dividing by three the total amount of net income available to the entire household prior to the parties' separation; (6) awarding plaintiff $550.00 per month in alimony; and (7) denying plaintiff's request for attorney's fees.

### III.  Alimony

### A.  Standard of Review

Plaintiff's first six assignments of error relate to the general issue of whether the trial court erred in its computation and award of alimony.

"Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999) (citing *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982)). Our Supreme Court has cautioned this Court to apply our review "strictly" and has explained, "[A] manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing the heavy burden of proof." *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 484-85, 290 S.E.2d 599, 604 (1982).

> In determining the amount of alimony the trial judge must follow the requirements of the applicable statutes. Consideration must be given to the needs of the dependent spouse, but the estates and earnings of both spouses must be considered. "It is a question of fairness and justice to all parties."

*Quick*, 305 N.C. at 453, 290 S.E.2d at 658 (quoting *Beall v. Beall*, 290 N.C. 669, 674, 228 S.E.2d 407, 410 (1976)). "The well-established rule is that findings of fact by the trial court supported by competent evidence are binding on the appellate courts even if the evidence would support a contrary finding." *Scott v. Scott*, 336 N.C. 284, 291, 442 S.E.2d 493, 497 (1994) (citing *In re Estate of Trogdon*, 330 N.C. 143, 147, 409 S.E.2d 897, 900 (1991)). We address each assignment of error in turn.

### B.  Average Net Cash Flow

[1] Plaintiff contends the trial court erred in calculating the average net cash flow to be $7,388.00 per month for the last few years of the parties' marriage. We disagree.

This Court previously ruled on plaintiff's argument regarding this issue in our prior opinion and noted that because plaintiff failed to object to the evidence at trial, she could not sustain an appeal on the issue. *Kelly*, 151 N.C. App. 748, 567 S.E.2d 468 (original opinion page 6, n. 2) (citing N.C.R. App. P. 10(b)(1)). The only issue for the trial

court on remand was whether defendant's pay increase was offset by his self-employment taxes. In addressing that issue, the trial court determined that the self-employment taxes did not offset the pay increase and accordingly, increased the average net cash flow from $7,100.00 in the 30 November 2000 order to $7,388.00 in the 18 December 2003 order.

We reject plaintiff's argument below that the trial court erred in determining that the self-employment taxes did not offset defendant's pay. Her argument that the trial court erred in calculating the parties' average net cash flow is not properly before this Court. This assignment of error is dismissed.

### C. Net Income

[2] Plaintiff contends no evidence supports the trial court's calculation of defendant's net income for the period between 1 September 1993, when he was promoted to partner, and 10 October 1993, when the parties separated. We disagree.

On 1 September 1993, defendant became a partner with Arthur Anderson. His annual income was $145,000.00. In the order entered 30 November 2000, the trial court "purposefully omitted consideration of Defendant's pay increase because it noted Defendant also became responsible for paying his own self-employment taxes from that point forward." *Kelly*, 151 N.C. App. 748, 567 S.E.2d 468 (original opinion page 7). On remand, the trial court found: (1) defendant's approximate net monthly income for 1993 prior to joining the partnership was $6,487.52; (2) defendant's net income for the period between 1 September 1993 and 10 October 1993 was $8,976.98 based on income taxes of $5,960.00 and a required Koegh payment of six percent; and (3) "defendant's net income does not appear to have increased significantly during this period and the parties' standard of living was not significantly increased."

### 1. Income Taxes

At trial, defendant claimed that he incurred a debt of $5,960.00 in income taxes based upon the partnership income he earned from 1 September 1993 through 10 October 1993.

On 29 November 2000, Judge Fred M. Morelock entered a judgment and order for equitable distribution that allowed defendant a credit for "$5,960.00" that he paid in income taxes for "9/1 to 10/10."

Neither party appealed this equitable distribution judgment and order. On 30 November 2000, Judge Morelock also entered an order denying plaintiff's claim for alimony and attorney's fees. Plaintiff entered notice of appeal only "from the final Order entered on November 30, 2000 . . . which denied permanent alimony and attorney's fees."

This Court reversed and remanded Judge Morelock's order for new findings based upon the record. On remand, Judge Monica M. Bousman conducted a hearing and entered further findings, including the finding that defendant paid $5,960.00 in income taxes for the period between 1 September 1993 and 10 October 1993. This figure is supported by the amount credited defendant in the equitable distribution judgment and order, which was entered by another district court judge and not appealed.

When an order is not appealed, it becomes:

> the law of the case, and other district judges were without authority to enter orders to the contrary. It is well established that no appeal lies from one superior court judge to another and that ordinarily one superior court judge may not modify, overrule or change the judgment of another superior court judge previously made in the same action.

*Johnson v. Johnson*, 7 N.C. App. 310, 313, 172 S.E.2d 264, 266 (1970). The trial court did not err by relying on another judge's findings, which were binding, in determining the amount defendant paid in income taxes. This assignment of error is overruled.

## 2. Keogh Contribution

Plaintiff next argues that defendant failed to fulfill the required six-percent Keogh contribution. At trial, plaintiff presented an Arthur Anderson U.S. Partners' Profit Sharing Report she had received from defendant's employer showing that defendant had a year-to-date "total" "contributions" of $42,457.33 to his "profit sharing (Keogh)" account for the period of "07-01-93 to -03-31-94." Plaintiff testified to the types of plans defendant had in his profit sharing plan and that defendant contributed approximately $45,500.00 to "both the Keogh and the 401(k)" between 1 July 1993 and 30 June 1994.

Defendant testified that he was *required* to make a six percent contribution to his Keogh upon becoming a partner at Arthur Anderson. During cross-examination, plaintiff's counsel asked, "in

1993, you were earning $145,000 and you were required to put 6 percent of the $145,000 into a Keogh; is that what you are saying?" Defendant replied, "That's basically the terms, although they—I don't know how they compute it. There was a time lag in that event, but that was [sic] the terms." In its equitable distribution order entered by Judge Morelock, the trial court credited defendant $45,379.00 for "Arthur Anderson—Keogh."

Competent evidence supports the trial court's finding, entered by Judge Bousman regarding defendant's contribution to the Keogh. *See Johnson*, 7 N.C. App. at 313, 172 S.E.2d at 266. This assignment of error is overruled.

### D.  Standard of Living Increase

[3] Plaintiff contends the trial court erred by finding that defendant's net income did not increase significantly during the period from 1 September 1993 to 10 October 1993 and that the parties' standard of living did not increase. We disagree.

In the case at bar, the former N.C. Gen. Stat. § 50-16.5 controls the determination of alimony, and the trial court was required to apply that statute. *Walker v. Walker*, 143 N.C. App. 414, 422, 546 S.E.2d 625, 630 (2001) (citing *Quick*, 305 N.C. at 453, 290 S.E.2d at 658).

> That statute provides that "alimony shall be in such amount as the circumstances render necessary, having due regard to the (1) estates, (2) earnings, (3) earning capacity, (4) condition, (5) accustomed standard of living of the parties, and (6) other facts of the particular case" . . . [.] In other words, the statute requires a conclusion of law that "circumstances render necessary" a designated amount of alimony. Our case law requires conclusions of law that the supporting spouse is able to pay the designated amount and that the amount is fair and just to all parties.

*Walker*, 143 N.C. App. at 422-23, 546 S.E.2d at 631 (quoting *Quick*, 305 N.C. at 453, 290 S.E.2d at 658-59; N.C. Gen. Stat. § 50-16.5).

The trial court found defendant's approximate net monthly income prior to becoming a partner in September 1993 was $6,487.52. Plaintiff has not assigned error to this portion of the trial court's findings. The trial court also found that defendant's net income for September 1993 was $6,732.73 and the marital portion of October's earnings that year was $2,244.25. In her brief, plaintiff references her prior argument regarding the trial court's error in calculating defend-

ant's net income, which we have already overruled. Accordingly, this portion of plaintiff's argument is also without merit.

Plaintiff also asserts the trial court erred in finding that the parties' standard of living did not increase. She argues that both she and defendant "were working hard together in order for both of them to share in the fruits of Defendant's increased income" and she "should be allowed to share in the higher standard of living which was possible with Defendant's higher income . . . ." This argument is without merit.

The statute clearly states that the trial court is to consider the parties' "*accustomed* standard of living," not the *potential* standard of living. N.C. Gen. Stat. § 50-16.5 (emphasis supplied) (repealed 1995 N.C. Sess. Laws, c. 319, s. 1). Plaintiff has failed to show "a manifest abuse of [the trial court's] discretion" in concluding that the parties' standard of living did not substantially increase as a result of defendant's net increase in salary of approximately $240.00 a month for the forty days prior to separation. *Bookholt*, 136 N.C. App. at 250, 523 S.E.2d at 731. This assignment of error is overruled.

### E. Reasonable Expenses

[4] Plaintiff argues the trial court erred in determining the reasonableness of the parties' monthly expenses and in calculating her monthly expenses. We disagree.

" 'The determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial judge, and he is not required to accept at face value the assertion of living expenses offered by the litigants themselves.' " *Id.* at 250, 523 S.E.2d at 731 (quoting *Whedon v. Whedon*, 58 N.C. App. 524, 529, 294 S.E.2d 29, 32, *disc. rev. denied*, 306 N.C. 752, 295 S.E.2d 764 (1982)). It is well-settled in North Carolina that "[w]here an appellate court decides questions and remands a case for further proceedings, its decisions on those questions become the law of the case, both in subsequent proceedings in the trial court and upon a later appeal, where the same facts and the same questions of law are involved." *Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 41, 493 S.E.2d 460, 463 (1997) (citing *Tennessee-Carolina Transp., Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E.2d 181 (1974)).

In her first appeal, plaintiff assigned error to the trial court's decision to set her reasonable monthly expenses at $2,366.00, one-third of the amount of the total family expenses while the family was still

together. Plaintiff contended that her monthly expenses were $6,078.00, as set out in her financial affidavit. In this Court's previous opinion, we affirmed the trial court's decision stating, "As the total family expenses previously covered four other family members in addition to Plaintiff, including the private school tuition of the parties' children, we cannot say that the trial court abused its discretion in finding Plaintiff's reasonable expenses to be one third of this amount." *Kelly*, 151 N.C. App. 748, 567 S.E.2d 468 (original opinion page 4).

On remand, the trial court determined that the total family expenses had increased slightly based on the increase in the average net cash flow. Accordingly, the trial court increased plaintiff's reasonable expenses to reflect that change. It did not disturb the methodology employed by the prior trial court on mandate from this Court's earlier decision. Judge Bousman was bound by our prior decision on this issue that the trial court had not abused its discretion in applying this method. *See Sloan*, 128 N.C. App. at 41, 493 S.E.2d at 463.

Plaintiff also assigns error to the trial court's determination of the reasonableness of defendant's monthly expenses. In her first appeal, plaintiff challenged defendant's expenses, including things he was providing for his children who had reached the age of majority and were no longer eligible for child support. This Court found that the trial court had abused its discretion by including the expenses related to the children's vehicle and rent payments in defendant's monthly expenses. We reversed and remanded for "new findings on the record." *Kelly*, 151 N.C. App. 748, 567 S.E.2d 468 (original opinion page 5-6).

On remand, the trial court, following the mandate of this Court, eliminated the children's expenses and concluded that defendant's reasonable monthly expenses were $6,306.00. The record does not reflect that the trial court made further changes in the calculation of defendant's reasonable monthly expenses, other than to find the expenses he was paying for his adult children to be "voluntary."

Plaintiff had the opportunity in her first appeal to challenge the reasonableness of defendant's expenses. She availed herself of this opportunity and objected only to the inclusion of the children's expenses. Plaintiff's argument that the trial court erred in calculating defendant's expenses is based upon a new theory that was not raised in her first appeal and is barred. *See Weil v. Herring*, 207 N.C. 6, 10,

175 S.E. 836, 838 (1934) (noting our Courts do not permit a new theory, not previously argued, because "the law does not permit parties to swap horses between courts in order to get a better mount [on appeal]."). This assignment of error is overruled.

### F. Alimony Award

**[5]** Plaintiff argues the trial court erred in awarding her $550.00 in alimony. Under the prior alimony statute, the trial court shall determine alimony "in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." N.C. Gen. Stat. § 50-16.5(a) (repealed 1995 N.C. Sess. Laws, c. 319, s. 1).

Plaintiff argues the trial court abused its discretion in leaving her without sufficient means to cover basic necessities while allowing defendant to maintain a substantially higher style of living." The trial court found plaintiff's reasonable monthly expenses to be $2,462.00 and her "current monthly cash flow from employment is approximately $2,000," thus leaving a net deficit of $462.00 per month. The trial court also found plaintiff's cash flow was supplemented by gifts from her long-time boyfriend. Although defendant's monthly cash flow is higher than plaintiff, the trial court found that defendant has "excess income of $894.00 per month."

We have already held the trial court did not err by finding both parties' expenses to be reasonable. Further, the trial court awarded plaintiff seventy-five percent of the marital estate in its equitable distribution judgment and order. Plaintiff has failed to show the trial court abused its discretion in awarding her $550.00 in alimony, when her net deficit is only $462.00 and defendant's excess income is only $894.00. This assignment of error is overruled.

### IV. Attorney's Fees

**[6]** In her final assignment of error, plaintiff contends the trial court erred by failing to order defendant to pay the attorney's fees she incurred as a result of litigation regarding alimony. We disagree.

The former N.C. Gen. Stat. § 50-16.4, which was modified by the legislature in 1995 *after* plaintiff filed this action, provided:

> Counsel fees in actions for alimony.—At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court *may,* upon application of such spouse,

enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

(emphasis supplied) (*modified* 1995 N.C. Sess. Laws, c. 319, s. 3). In explaining application of this statute in the trial courts, our Supreme Court has stated:

The clear and unambiguous language of the statutes under consideration provide as prerequisites for determination of an award of counsel fees the following: (1) the spouse is entitled to the relief demanded; (2) the spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.

*Rickert v. Rickert*, 282 N.C. 373, 378, 193 S.E.2d 79, 82 (1972). The decision regarding whether to award attorney's fees "lies solely within the discretion of the trial judge, and that such allowance is reviewable only upon a showing of an abuse of the judge's discretion." *Id.*

A trial court's ruling to award subsistence *pendente lite* does not *require* the allowance of attorney's fees. *Id.* at 379, 193 S.E.2d at 83 (citation omitted). However, "when subsistence pendente lite or counsel fees is allowed pursuant to the statutory requirements, the *amount* of the allowance is in the trial judge's discretion, and is reviewable only upon showing an abuse of his discretion." *Id.* (citations omitted).

Plaintiff assigns error to the trial court's conclusion that:

In this case, the Court shall exercise its discretion and deny Plaintiff's request for counsel fees on the grounds that Plaintiff is entitled to permanent alimony[,] but that she has, nevertheless, received temporary support for nearly seven years[,] and further, that the Defendant does not have the present ability to pay even his own counsel fees.

Plaintiff argues she "is entitled to the relief demanded because she was awarded permanent alimony." This argument is without merit. The trial court is afforded wide latitude in determining whether to award such fees. Further, nothing in the statute *requires* the trial court to grant plaintiff's motion for attorney's fees. *Id.* We hold the

trial court did not abuse its discretion in denying plaintiff's motion for attorney's fees. This assignment of error is overruled.

### V. Conclusion

We dismiss plaintiff's assignment of error regarding the parties' average net cash flow because she failed to preserve it for appellate review. Additionally, plaintiff's assignment of error regarding the reasonableness of the parties' expenses was addressed in her first appeal and is not properly before this Court.

Plaintiff failed to show the trial court abused its discretion in: (1) calculating defendant's net income based on income tax payments of $5,906.00; (2) crediting defendant's net income for his required six-percent Keogh contribution; (3) its findings regarding the parties' standard of living; (4) awarding plaintiff $550.00 in alimony; and (5) denying plaintiff's request for attorney's fees. The trial court's order is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and GEER concur.