DONALD J. PATRONELLI, Plaintiff v. CARRIE PATRONELLI, Defendant

No. COA04-1666

(Filed 3 January 2006)

**Costs— attorney fees—alimony—pro bono counsel**

The trial court did not err in an alimony case by denying defendant attorney fees, because the plain language and purpose of N.C.G.S. § 50-16.4 fails to include expenses incurred by pro bono counsel.

Judge WYNN dissenting.

Appeal by defendant from order entered 6 January 2004 by Judge Anne. B. Salisbury in Wake County District Court. Heard in the Court of Appeals 23 August 2005.

*Oliver & Oliver, PLLC, by John M. Oliver, for plaintiff-appellee.*

*Manning, Fulton, & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*

CALABRIA, Judge.

Carrie Patronelli ("defendant") appeals from an order of the trial court denying her claim for counsel fees. We affirm.

Donald J. Patronelli ("plaintiff") and defendant married in August 1997; however, by July 2001, the parties had separated. Subsequently, on 14 August 2001, plaintiff filed a complaint seeking, *inter alia,* custody of a minor child, child support, and equitable distribution. Defendant counterclaimed for custody of the minor child, child support, postseparation support, and alimony. In orders not pertinent to the present appeal, the trial court ruled on the issues of child custody, child support, and postseparation support. The trial court then set a hearing on the issues of alimony and related counsel fees. At the hearing, defendant's counsel stated, and the trial court found, that "[counsel] had incurred expenses and fees in the amount of approximately $2,500.00 in bringing the defendant's permanent alimony case to trial." The trial court further found, however, that "defendant is represented on a *pro bono* basis by her counsel" and "has not incurred any . . . expenses as she is not personally liable to her counsel for the same." The trial court then concluded, "The defendant has not incurred any [counsel] fees under [N.C. Gen. Stat.] § 50-16.4 [2003],

PATRONELLI v. PATRONELLI

[175 N.C. App. 320 (2006)]

and thus her claim for [counsel] fees should be denied." From the trial court's denial of her claim for counsel fees, defendant appeals.

On appeal, defendant contends the trial court improperly denied her request for counsel fees. We disagree.

North Carolina General Statutes § 50-16.4, which governs counsel fees in alimony cases, states:

> At any time that a dependent spouse would be entitled to alimony pursuant to G.S. 50-16.3A, or postseparation support pursuant to G.S. 50-16.2A, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

We review *de novo* whether a trial court properly denied counsel fees under this statute. *See Rickert v. Rickert*, 282 N.C. 373, 379, 193 S.E.2d 79, 82 (1972) (stating, "[p]roper exercise of the trial judge's authority in granting alimony . . . or counsel fees is a question of law, reviewable on appeal"). When construing a statute, "the task of the courts is to ensure that the purpose of the Legislature, the legislative intent, is accomplished. The best indicia of that legislative purpose are the language of the act and what the act seeks to accomplish." *Wagoner v. Hiatt*, 111 N.C. App. 448, 450, 432 S.E.2d 417, 418 (1993). "Legislative purpose is first ascertained from the plain words of the statute." *State v. Anthony*, 351 N.C. 611, 614, 528 S.E.2d 321, 322 (2000) (citations omitted).

The plain language of N.C. Gen. Stat. § 50-16.4 provides that when a dependent spouse is entitled to alimony or postseparation support, a trial court may enter an order "for reasonable *counsel fees* for the benefit of such spouse." "Attorney's fees" are defined as "[t]he *charge to a client* for services performed for the client, such as an hourly fee, a flat fee, or a contingent fee." *Black's Law Dictionary* 125 (7th ed. 1999) (emphasis added). Accordingly, counsel fees cannot, by definition, be implicated in the present case where the dependent spouse never incurred counsel expenses.

The purpose of N.C. Gen. Stat. § 50-16.4 further supports our analysis. The legislative intent behind the allowance of counsel fees under section 50-16.4 is "to enable the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by making it possible for the dependent spouse to employ adequate and suitable legal representation." *Lamb v. Lamb*, 103 N.C. App. 541,

549, 406 S.E.2d 622, 627 (1991) (citations omitted). This is because "[i]t would be contrary to what we perceive to be the intent of the legislature to require a dependent spouse to meet the expenses of litigation through the unreasonable depletion of her separate estate where her separate estate is considerably smaller than that of the supporting spouse." *Clark v. Clark*, 301 N.C. 123, 137, 271 S.E.2d 58, 68 (1980). In the case *sub judice*, the legislative intent of N.C. Gen. Stat. § 50-16.4 is not implicated given that the dependent spouse *has no counsel fees*, and therefore, there are no costs to shift.

We further note that our holding is not a value judgment on the meritorious and selfless services provided by *pro bono* counsel. Although there are strong public policy arguments in favor of legislation authorizing an award of fees to a public interest entity that represents claimants seeking postseparation support and alimony, it is not the province of the courts to read into legislation beneficent objectives when contrary to the plain language and purpose of a statute. These arguments, accordingly, must be reserved for the General Assembly.

Because the plain language and purpose of N.C. Gen. Stat. § 50-16.4 fail to include expenses incurred by *pro bono* counsel, we hold the trial court properly denied defendant an award of counsel fees.

Affirmed.

Judge LEVINSON concurs.

Judge WYNN dissents with a separate opinion.

WYNN, Judge, dissenting.

From the outset, I note that the issue on appeal is not whether "the plain language and purpose of N.C. Gen. Stat. § 50-16.4 *fail to include* expenses incurred by *pro bono* counsel[.]" (Emphasis added). In fact, it is without question that the statute allows a dependent spouse to seek attorney fees. Thus, the issue presented by this appeal is whether the plain language of N.C. Gen. Stat. § 50-16.4 *excludes* the award of attorney expenses that are provided on a *pro bono* basis for the benefit of a dependent spouse. Assuredly, it does not. Because I believe the fact that Wife's legal services were provided *pro bono* is of no consequence in the threshold determination

of whether she is eligible for an award of attorney fees, I would remand this matter to the trial court for further consideration on whether Wife should be awarded attorney fees under N.C. Gen. Stat. § 50-16.4. I therefore respectfully dissent.

An award of attorney fees in an alimony case is justified if the spouse is: (1) a dependent spouse; (2) entitled to the underlying relief demanded; and (3) without sufficient means. N.C. Gen. Stat. § 50-16.4 (2004); *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 396-97, 545 S.E.2d 788, 795, *per curiam aff'd*, 354 N.C. 564, 556 S.E.2d 294 (2001); *Owensby v. Owensby*, 312 N.C. 473, 475, 322 S.E.2d 772, 773-74 (1984); *Kelly v. Kelly*, 167 N.C. App. 437, 448, 606 S.E.2d 364, 372 (2004); *Larkin v. Larkin*, 165 N.C. App. 390, 398, 598 S.E.2d 651, 656 (2004); *Walker v. Walker*, 143 N.C. App. 414, 424, 546 S.E.2d 625, 631-32 (2001). There is nothing in the plain language of N.C. Gen. Stat. § 50-16.4 or in our case law interpreting N.C. Gen. Stat. § 50-16.4 stating, or even suggesting, that these prerequisites differ for a dependent spouse receiving *pro bono* legal services.

Whether a moving party meets the prerequisites for an award of attorney fees under N.C. Gen. Stat. § 50-16.4 is a question of law reviewed *de novo* on appeal. *Friend-Novorska*, 143 N.C. App. at 396-97, 545 S.E.2d at 795. If the three factors are met, "the *amount of attorney fees awarded* rests within the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion." *Walker*, 143 N.C. App. at 424, 546 S.E.2d at 631 (emphasis added) (citation omitted). Notwithstanding, the *amount of fees charged by the attorney* is not relevant to the threshold inquiry of determining a dependent spouse's eligibility for an award of attorney fees under N.C. Gen. Stat. § 50-16.4:

> [B]efore an award of attorneys' fees in. . . . [an] alimony case is permissible, there must be a threshold finding that the dependent spouse has insufficient means to defray her litigation expenses. . . . In making this determination, the trial court should focus on both the disposable income of the dependent spouse and on her separate estate.

*Bookholt v. Bookholt*, 136 N.C. App. 247, 252, 523 S.E.2d 729, 732 (1999), *superseded by statute on other grounds as stated in Williamson v. Williamson*, 142 N.C. App. 702, 543 S.E.2d 897 (2001). Our previous inquiries have focused on either the means of the dependent spouse alone or in comparison to those of the supporting spouse. *See id.* (remanding an award of fees for reconsideration

where the wife had a liquid estate of $88,000 and the husband had no separate estate); *see also Clark v. Clark*, 301 N.C. 123, 136-37, 271 S.E.2d 58, 68 (1980) (reversing and remanding for determination of the amount of attorney fees to be awarded where the husband had a net worth of $650,000 and savings of $75,000 and the wife had a separate estate of $87,000); *Cobb v. Cobb*, 79 N.C. App. 592, 596-97, 339 S.E.2d 825, 828-29 (1986) (vacating and remanding for determination of the amount of attorney fees to be awarded where the wife's income did not meet her living expenses and the husband had previously been earning $125,000 per year).

Here, the trial court's order only states that, since Wife was represented *pro bono* and had not been charged by her attorney, there was no basis for an award of attorney fees. The trial court failed to make specific conclusions as to the three prerequisites set forth in N.C. Gen. Stat. § 50-16.4 for an award of attorney fees. However, the trial court did make numerous findings of fact supporting the conclusion of law that Wife meets the three prerequisites necessary for an award of attorney fees under N.C. Gen. Stat. § 50-16.4. Significantly, Husband did not assign error to any of the trial court's findings of fact. Where no exception is taken to the trial court's findings of fact, the findings are presumed to be supported by competent evidence and are binding on appeal. *Draughon v. Harnett County Bd. of Educ.*, 166 N.C. App. 449, 451, 602 S.E.2d 717, 718 (2004) (citations omitted).

Even if the presumption that the findings are supported by competent evidence did not exist, the record shows that there is indeed evidence to support the findings. Regarding the first requirement, the trial court specifically found that Husband was a "supporting spouse" and Wife was a "dependent spouse." A dependent spouse is one ". . . who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) (2004). The trial court found that the parties had stipulated in open court that Husband was a supporting spouse and Wife was a dependent spouse, and that Wife needed "ample time to complete her training and get herself back on her feet financially." The trial court also found that Wife was "not able to live independently without some level of support from [Husband] for some period of time." These findings support the conclusion that Wife is a dependent spouse and fulfills the first requirement for an award of attorney fees under N.C. Gen. Stat. § 50-16.4.

PATRONELLI v. PATRONELLI

[175 N.C. App. 320 (2006)]

Regarding the second requirement, that the spouse must be entitled to the underlying relief demanded, the trial court concluded that Wife was entitled to relief in the form of $800.00 per month in permanent alimony for a period of twenty-four months. The trial court found the parties had stipulated that Husband was earning $81,000.00 per year as the owner of a successful hair salon and was in the process of opening a second salon. The trial court further found that Wife has had a substantial reduction in her standard of living since the parties' separation, while Husband has had only a modest reduction in his standard of living. Finally, the trial court found that Wife needed "adequate time to retrain and get herself on her feet financially." These findings support the conclusion that Wife is entitled to the underlying relief demanded.

The third prerequisite, that Wife must have insufficient means to defray the expense of the suit, is also satisfied here. A party has insufficient means to defray the expense of the suit when he or she is "unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) (citations omitted). Here, the trial court found that, at the time of the hearing, Wife had secured a full-time job with a beauty supply house earning approximately $14,000.00 per year. The trial court also found that Wife's reasonable expenses were $2,037.00 per month, and that her share of the child support obligation was $167.00 per month. Wife's living expenses, therefore, exceeded her income by approximately $1,035.00 per month.

Given the trial court's findings, I would conclude that Wife did not have the financial resources to employ an attorney to represent her in this domestic dispute, and that she qualified for an award of attorney fees under N.C. Gen. Stat. § 50-16.4. *See Barrett v. Barrett*, 140 N.C. App. 369, 374, 536 S.E.2d 642, 646 (2000) (awarding attorney fees where the wife had negative disposable income and a savings of $600.00); *Cobb*, 79 N.C. App. at 597, 339 S.E.2d at 828-29 (concluding that the wife was entitled to attorney fees where her income did not meet her living expenses).

Other jurisdictions with statutes similar to the language in our N.C. Gen. Stat. § 50-16.4 have held that attorney fees may be awarded for *pro bono* services provided in the family law context. For example, *In re Marriage of Swink*, 807 P.2d 1245 (Colo. App. 1991), the Colorado Court of Appeals reversed and remanded for further proceedings a trial court's finding that an award of attorney fees in a

divorce proceeding was unnecessary because the wife had obtained legal representation at no cost to herself. The court noted that the Colorado statute, like the North Carolina statute, was "intended to promote the availability of legal services to needy litigants in appropriate cases." *Id.* at 1248. Unlike the North Carolina statute, the Colorado statute, which was patterned after the Uniform Marriage and Divorce Act, requires fees and costs to have been "incurred" in order for attorney fees to be awarded. *See* Colo. Rev. Stat. § 14-10-119 (2004). Still, the Colorado Court of Appeals held their statute was "sufficiently broad to allow the court to enter an order requiring a party to pay a reasonable sum for legal services rendered to the other party by a *pro bono* attorney in dissolution of marriage proceedings." *Swink*, 807 P.2d at 1248.

In *Benavides v. Benavides*, 526 A.2d 536 (Conn. App. 1987), the Appellate Court of Connecticut vacated and remanded a trial court's award of attorney fees to an attorney employed by a federally funded nonprofit organization. The trial court had cut the award in half, even though the amount of attorney fees requested was modest. *Id.* at 537. The Connecticut statute provides, in relevant part, that ". . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities. . . ." Conn. Gen. Stat. Ann. § 46b-62 (2004). The Appellate Court of Connecticut noted that "[i]n family matters, the majority of courts [in other jurisdictions] have held that the award of counsel fees to the prevailing party is proper even when that party is represented without fee by a nonprofit legal services organization." *Benavides*, 526 A.2d at 537 (citations omitted). In adopting this rule, the Appellate Court of Connecticut held that

> [I]ndigents are represented by legal services attorneys in a large number of family relations matters. It would be unreasonable to allow a losing party in a family relations matter to reap the benefits of free representation to the other party. A party should not be encouraged to litigate under the assumption that no counsel fee will be awarded in favor of the indigent party represented by public legal services[,] or as in this case, that a reasonable fee will be discounted for the same reason.

*Id.* at 538 (citation omitted). The Connecticut court also acknowledged the public policy benefits of their holding, noting that ". . . a realization that the opposing party, although poor, has access to an attorney and that an attorney's fee may be awarded deters noncompliance with the law and encourages settlements." *Id.*

PATRONELLI v. PATRONELLI

[175 N.C. App. 320 (2006)]

In *In re Marriage of Malquist*, 880 P.2d 1357 (Mont. 1994), *overruled on other grounds by In re Marriage of Cowan*, 928 P.2d 214 (Mont. 1996), the Supreme Court of Montana also affirmed the award of attorney fees for *pro bono* representation in domestic cases. The relevant statute, Montana Code Annotated section 40-4-110 (2004), is substantially similar to the Colorado statute, but makes express the intent of the statute, "to ensure that both parties have timely and equitable access to marital financial resources for costs incurred before, during, and after a proceeding[.]" Mont. Code Ann. § 40-4-110 (2004). The court held that "[t]he deciding factor [in awarding legal fees] is not the status of the attorney providing the professional services, but that the indigent client is financially unable to pay for legal representation in a domestic relations proceeding where representation is a practical requirement." *Malquist*, 880 P.2d at 1363. The court stated that "[w]hether a party incurs debt is irrelevant, and necessity is unrelated to the status of the attorney who delivers the legal services." *Id.* at 1365.

Likewise, the language in N.C. Gen. Stat. § 50-16.4 is sufficiently broad to allow an award of attorney fees to a dependent spouse who is represented by *pro bono* counsel. The majority concludes that because attorney fees are by definition "[t]he charge to a client for services performed for the client, such as an hourly fee, a flat fee, or a contingent fee[,]" and Wife was not "charged" by her counsel, the trial court could not award Wife attorney fees under N. C. Gen. Stat. § 50-16.4. This is simply not the case. The fact that Wife could not pay her counsel's fees does not mean that the services provided by a sympathetic lawyer were without value. Indeed, the rendition of valuable legal services created a "charge" to Wife that the gratuitous lawyer recognizing her destitute plight agreed to waive with the understanding that she had no means to pay it. If in fact, Wife did have means, it follows that she would incur a charge for the legal service provided. Section 50-16.4 provides the means for Wife to pay her attorney for the valuable legal services rendered and thus, Wife has a "charge" for the legal services provided.

Moreover, the primary reason that Wife did not have the financial resources to employ an attorney was because Husband refused to provide Wife with the financial support necessary for Wife to retain legal representation. By denying Wife an award of attorney fees solely because her attorney agreed to represent her *pro bono* based on Wife's lack of financial resources, Husband is rewarded and *benefits* from the fact that he refused to provide her the financial support necessary to pay an attorney in the first place.

Finally, by enacting N.C. Gen. Stat. § 50-16.4, the legislature understood that the provision of *pro bono* legal services has *value*. Unlike other civil disputes, attorneys are prohibited from representing a client on a contingency basis in actions for divorce, alimony or child support. *See Thompson v. Thompson*, 70 N.C. App. 147, 319 S.E.2d 315 (1984) (holding that a fee contract contingent upon the amount of alimony and/or property awarded in a divorce proceeding is void as against public policy), *rev'd on other grounds at* 313 N.C. 313, 314, 328 S.E.2d 288, 290 (1985); *see also Williams v. Garrison*, 105 N.C. App. 79, 411 S.E.2d 633 (1992); *Townsend v. Harris*, 102 N.C. App. 131, 401 S.E.2d 132 (1991). Thus, attorneys who seek to provide legal services for dependent spouses are left with only the option of providing *pro bono* services and seeking attorney fees under N.C. Gen. Stat. § 50-16.4. An award of attorney fees to a dependent spouse represented by *pro bono* counsel under N.C. Gen. Stat. § 50-16.4 would, in fact, create an incentive for attorneys to represent indigent clients in domestic disputes with the expectation that if they are able to prove that the indigent client is a dependent spouse, they could be awarded attorney fees.

For the reasons stated above, I respectfully dissent from the majority opinion. Because the prerequisites for attorney fees under N.C. Gen. Stat. § 50-16.4 were met in this case, and the trial judge summarily held that attorney fees were not recoverable because Wife's legal services were provided *pro bono*, which is not a valid basis upon which to deny attorney fees in North Carolina, I would remand this matter for further consideration by the trial court as to whether Wife should be awarded attorney fees under N.C. Gen. Stat. § 50-16.4.

Therefore, I respectfully dissent.