MARLENE H. CATO, PLAINTIFF V. CROWN FINANCIAL, LTD. (FORMERLY CATO FINANCIAL LTD.), DEFENDANT, AND ARNOLD EUGENE WALSER AND SHIRLEY TURNER WALSER, INTERVENING/DEFENDANTS

No. COA98-121

(Filed 15 December 1998)

**Judgments— default judgment—receiver's report—review by jury**

The trial court erred by holding a trial pursuant to the intervening defendants' exceptions to a receiver's report where plaintiff had obtained a default judgment, the court had denied the intervening defendants' motion to set aside the default judgment, and the intervening defendants did not pursue an appeal. That judgment is final and is the law of the case; the right granted to intervenor to file pleadings was necessarily limited to issues not related to the amount or validity of the unappealed-from judgment. The receiver could not properly reduce the amount of plaintiff's judgment and the intervenor could not seek review of the judgment by a jury.

Appeal by plaintiff from judgment entered 22 October 1997 by Judge Charles C. Lamm, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 16 November 1998.

Plaintiff Marlene H. Cato is president, sole shareholder and a judgment creditor of defendant Crown Financial, Ltd. ("Crown Financial"), a corporation that is in receivership. Intervening defendants Arnold Eugene Walser and Shirley Turner Walser are competing judgment creditors of Crown Financial.

In the 1970's, plaintiff and her husband, Harlan Cato, invested in and operated an apartment complex, the Woodbridge Apartments ("Woodbridge"), as a joint venture with the Walsers and others. In

CATO v. CROWN FIN., LTD.

[131 N.C. App. 683 (1998)]

May 1980, the Walsers owned a 10% interest and the Catos owned an 86% interest in Woodbridge. That same year, Crown Financial was formed and purchased Woodbridge from the Walsers and the Catos in exchange for promissory notes. Crown Financial issued a promissory note for $1,689,600.00 to the Catos and a note for $192,000.00 to the Walsers.

In 1980, Crown Financial began depositing money into a bank account maintained by the joint venture, monetary transfers the parties have referred to as "indirect transfers." From 1984 to 1988, the Catos and the Walsers received checks from the joint venture account. Beginning in 1989, Crown Financial began sending checks directly to the Walsers and the Catos. The parties refer to these payments as "direct transfers."

On 10 May 1993 the Walsers sued Crown on their $192,000.00 note, arguing that the indirect transfers did not count as payments on their promissory note. After a trial, the Guilford County Superior Court accepted the Walsers' arguments and awarded the Walsers $245,235.99 plus interest. This Court affirmed that award by unpublished opinion. *Walser v. Crown Financial, Ltd.*, 122 N.C. App. 581, 475 S.E.2d 259 (1995).

On 28 November 1994 plaintiff filed this lawsuit seeking payment on her promissory note. On 2 January 1995, following the Walsers' attempt to collect on their judgment, plaintiff filed a bankruptcy petition on behalf of Crown Financial. Plaintiff claimed that Crown did not have sufficient assets to pay both plaintiff's note and the Walsers' judgment. On 3 April 1995 the bankruptcy court entered an order dismissing Crown Financial's petition for bad faith filing.

On 7 April 1995 plaintiff moved for a default judgment against Crown Financial and was awarded a recovery of $3,723,583.00. On 10 April 1995 plaintiff petitioned the trial court pursuant to G.S. 1-507.1 *et seq.* to appoint a receiver and the court appointed E. Jackson Harrington, Jr. On 20 April 1995 the Walsers filed a Motion to Intervene and Set Aside Judgment by Default Final and Order Appointing Receiver. The trial court granted defendants' motion to intervene but denied their request to set aside the default judgment and declined to revoke the appointment of the receiver. The Walsers did not appeal.

Mr. Harrington rendered his report on 22 April 1996 and determined that Crown Financial owed plaintiff $2,903,425.56 on her note

and the Walsers $260,047.21 on their note and ordered that Crown Financial's assets be allocated to these debts pro rata. Both parties excepted, but plaintiff later withdrew her exception. On 29 April 1997 a trial was held pursuant to G.S. 1-507.7 based on the Walsers' exceptions. The jury found that Crown Financial owed plaintiff only $250,000.00 on her note. The trial court denied plaintiff's motions for new trial and judgment notwithstanding the verdict and entered judgment on 22 October 1997. Plaintiff appeals.

*Smith Helms Mulliss & Moore, by James G. Exum, Jr. and Matthew Sawchak, for plaintiff-appellant.*

*Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C., by Amiel J. Rossabi and J. Scott Hale, for defendant-appellees.*

EAGLES, Chief Judge.

We first consider whether the trial court erred in retrying this case de novo. Plaintiff first argues that the Walsers' "broadside exception" to the receiver's report was too vague to justify review and should be treated as having waived the right to review. Second, plaintiff argues that the trial should not have been de novo and that the receiver's report should have been accorded deference. Plaintiff contends that the trial court should have interpreted G.S. 1-507.7 "in a way that serves the statute's purpose." Plaintiff asserts that "[p]aying for the work of an expert receiver, then throwing that work away, disserves the statutory purpose." Plaintiff contends that the standard of review should be the "substantial evidence" test that courts apply to agencies' findings. Third, plaintiff contends that by retrying the case de novo, the trial court overruled another superior court judge's decision not to set aside the default judgment, violating the rule "that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *McArdle Corp. v. Patterson*, 115 N.C. App. 528, 531, 445 S.E.2d 604, 606 (1994), *aff'd per curiam*, 340 N.C. 356, 457 S.E.2d 596 (1995). Finally, plaintiff argues that the Walsers should not be allowed to "bootstrap their mere presence into a trial de novo."

Defendants first assert that the plain meaning of the statute requires de novo review. Defendants next argue G.S. 1-507.7 does not set forth any particular requirements for exceptions to the receiver's report. Defendants contend that their exceptions to the receiver's report were sufficient to provide plaintiff with notice of the scope of the trial, and plaintiff was not prejudiced by the form of the excep-

CATO v. CROWN FIN., LTD.

[131 N.C. App. 683 (1998)]

tion. Third, defendants argue that "requiring the jury to determine if the receiver's report is supported by 'substantial evidence' would add a provision not imposed by the language of N.C. Gen. Stat. §1-507.7 and would conflict with the express requirement that the trial court judge submit the issue to a jury." Additionally, defendants contend that requiring the jury to give deference to the receiver's findings "would conflict with the jury's duty to act as the sole finder of fact." Also, defendant asserts that "the question of whether the receiver's report is supported by substantial evidence is a question of law that is not properly within the province of the jury as fact finder." Finally, defendants argue that "[h]ad Judge Lamm refused to hold a trial pursuant to N.C. Gen. Stat. §1-507.7, he would have overruled that portion of Judge Allen's order that granted the Walsers the status of intervenor-defendants, because the Walsers would not have received the same rights all other parties receive under N.C. Gen. Stat. §1-507.7." Defendants argue that by allowing the Walsers to intervene and the receivership to proceed, the Walsers and the Catos were both given a full and fair opportunity to be heard.

After careful consideration of the record, briefs and contentions of both parties, we reverse. The record reveals that plaintiff has a default judgment against Crown Financial for $3,723,583.00. The trial court denied the Walser's motion to set aside the default judgment, and the Walser's did not pursue an appeal. That judgment is final and is the law of the case; any further ruling purporting to deny the existence or amount of that judgment is void. Although the trial court granted the Walsers the right to file pleadings, that right was necessarily limited to issues not related to the amount or validity of the unappealed from judgment. Accordingly, the receiver could not properly reduce Ms. Cato's judgment, and the Walsers could not seek review of the Cato's judgment by a jury.

Because of our determination of the first issue, we need not address the remaining issue on appeal. We reverse and remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

Judges TIMMONS-GOODSON and SMITH concur.