NO. COA14-192

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

IRIS ENTERPRISES, INC.,
    Plaintiff,

v.                                    Wake County
                                      No. 13 CVS 4167
FIVE WINS, LLC,
    Defendant.


Appeal by defendant from Order entered 18 September 2013 by Judge Carl R. Fox in Superior Court, Wake County. Heard in the Court of Appeals 4 June 2014.

> *Hatch, Little & Bunn, LLP, by John N. McClain, Jr., A. Bartlett White, and Justin R. Apple, for plaintiff-appellee.*

> *Morris, Russell, Eagle & Worley, PLLC, by Benjamin L. Worley, for defendant-appellant.*


STROUD, Judge.

Five Wins, LLC ("defendant"), appeals from an order entered 18 September 2013, requiring the trustee of property encumbered by a deed of trust to pay Iris Enterprises ("plaintiff") $24,291.24 as surplus from the foreclosure sale of that property. We affirm.

I.   Background

On 8 March 2007, Greenfield Durham, LLC executed a promissory note for $3,959,000.00 in favor of Capital Bank. As collateral for that loan, plaintiff executed a deed of trust in favor of Capital on three pieces of real property. Iris is owned by Massoumeh Valanejad, who is one of two owners of Greenfield. Greenfield defaulted on the note in 2010. On 31 March 2010, Capital sent Greenfield a letter declaring a default and accelerating the terms of the loan. Greenfield did not pay the balance of $870,902.84. As a result, Capital initiated foreclosure proceedings against the encumbered properties. Before the foreclosure sale could proceed, Iris filed for Chapter 11 bankruptcy, which stayed the foreclosure proceedings. The United States Bankruptcy Court for the Eastern District of North Carolina entered a Chapter 11 Plan that required Iris to make full payment on or before 5 January 2013. Iris failed to do so.

On 8 March 2013, Capital sold Greenfield's debt to defendant. Defendant re-opened foreclosure proceedings and demanded payment of $971,670.03 in order for Iris to redeem the property and cancel the deed of trust. On 26 March 2013, plaintiff filed a complaint in Wake County Superior Court seeking an injunction to prohibit the foreclosure sale and a

declaratory judgment on the "payoff on the Note secured by the Deed of Trust." The trial court issued a temporary restraining order halting foreclosure proceedings until it could hold a hearing.

On 28 June 2013, the trial court entered its declaratory judgment. It made a number of findings of fact and concluded that the "pay-off amount that Iris must pay to Five Wins to redeem the Property and cancel the Deed of Trust is $894,711.25 as of 6 May 2013 . . . ." It further concluded that interest would accrue at $314.08 per day while Iris would "receive credit for payments in the amount of $356.45 every day until pay-off by Iris, or Foreclosure by Five Wins." It therefore decreed:

> The pay-off amount that Iris must pay to Five Wins to redeem the Property and cancel the Deed of Trust is $894,711.25 as of 6 May 2013, which includes, in the discretion of the Court, "attorneys' fees" of $43,640.92, with that amount decreasing by $42.37 each day until pay-off by Iris, or foreclosure by Five Wins[.]

The trial court also permitted Five Wins to move forward with its foreclosure sale, which it did. At the foreclosure sale, Five Wins bid $875,000.00, but WA Venture, LLC made an upset bid of $918,750.00. WA Venture then assigned its upset bid to Five Wins. On 27 August 2013, the trustee of the encumbered property filed a "Final Report and Account of Foreclosure Sale"

(original in all caps), which reported various disbursements, including $856,286.33 as the "Right of Redemption pursuant to Declaratory Judgment" and $24,105.61 as going toward the "Secured Obligation(s) (partial)". Under the disbursement made by the trustee, the entire $917,750.00 was used, leaving no surplus.

Plaintiff believed that these disbursements contravened the declaratory judgment. So, it noticed a hearing, without filing an accompanying motion, and requested that the trial court "clarify" its previous declaratory judgment. The trial court rejected defendant's argument that the prior judgment did not control because "there is a distinction between 'the payoff on the Promissory Note' and the 'amount to redeem real property[.]'" It entered an order on 18 September 2013, wherein it concluded that its prior judgment determined the

> amount of the payoff on the Promissory Note applicable to Plaintiff, and after payment by the Substitute Trustee of the amounts set out therein, along with the three (3) expenses set out in paragraph 16 above [relating to expenses incurred after the judgment was entered], there should have been surplus funds totaling $24,291.24 to be paid to Plaintiff as owner of the Collateral.

The trial court therefore ordered the trustee to pay $24,291.24 to plaintiff as surplus from the foreclosure sale. Defendant filed written notice of appeal on 25 September 2013.

## II. Distribution of Foreclosure Sale Assets

Defendant argues that the trial court invaded the sole province of the trustee by determining that the trustee had misapplied the funds from the foreclosure sale. We conclude that defendant lost the opportunity to challenge the trial court's decision when it failed to appeal the declaratory judgment, which determined the "pay-off" amount and the amount of attorney's fees.

Any error in the trial court's 18 September 2013 order necessarily follows from the declaratory judgment. In that order, the trial court determined the attorney's fees and "pay-off amount" necessary to exercise the equitable remedy of redemption. Contrary to defendant's argument, the law of this state has long been that the right of redemption allows a mortgagor "to regain complete title by paying the mortgage debt, plus any interests and any costs accrued." James A. Webster, Jr., *Webster's North Carolina Real Estate Law*, § 13.05[1] (6th ed. 2013). The redemption amount thus *is* the amount of indebtedness. So, when the trial court concluded that the "pay-

off" amount was $894,711.25, it was ruling on the amount of the indebtedness, including accrued interest and fees. Indeed, in the September order, the trial court specifically concluded that the June judgment "was intended to set out the amount of the payoff on the Promissory Note applicable to Plaintiff . . ." Further, in the prior judgment, the trial court calculated the amount of interest that would accrue each day and the credit for payments that Iris would receive until "pay-off by Iris, or foreclosure by Five Wins."

Once these amounts were set, any sale price in excess of that amount, deducting other reasonable expenses incurred after entry of the order and contemplated by that order, must be considered surplus. *See* N.C. Gen. Stat. § 45-21.31(b) (2013) ("Any surplus remaining after the application of the proceeds of the sale as set out in subsection (a) *shall* be paid to the person or persons entitled thereto, if the person who made the sale knows who is entitled thereto." (emphasis added)). Once the trial court determined the amount of the payoff and the per diem sums of interest which would accrue until paid in full, and that determination was not appealed, it was the law of the case and the trustee was required to follow the court's order.

Although we have said that disbursements of proceeds from a foreclosure sale "are within the sole province of the trustee[,]" in none of the cases cited by defendant has there been a prior order from a declaratory judgment action determining the relevant amounts. *In re Foreclosure of Deed of Trust Executed by Ferrell Bros. Farm, Inc.*, 118 N.C. App. 458, 461, 455 S.E.2d 676, 678 (1995). "When an order is not appealed, it becomes[] the law of the case, and other . . . judges [are] without authority to enter orders to the contrary." *Kelly v. Kelly*, 167 N.C. App. 437, 443, 606 S.E.2d 364, 369 (2004). Certainly if one superior court judge cannot overrule another, the trustee of a property in foreclosure lacks authority to overrule a superior court judge. *See Cato v. Crown Financial, Ltd.*, 131 N.C. App. 683, 686, 508 S.E.2d 822, 824 (1998) (holding that a prior final judgment was the law of the case, which the debtor corporation's receiver could not reduce or modify), *disc. rev. denied*, 350 N.C. 593, 536 S.E.2d 836 (1999). Even assuming that the declaratory judgment exceeded the trial court's authority, defendant cannot now challenge it.[1] Defendant does not argue that the trial court was without jurisdiction to

---

[1] Plaintiff also argues that the trial court erred in concluding that defendant was entitled to any attorney's fees, but plaintiff similarly failed to appeal the declaratory judgment, so we have no jurisdiction to address that issue.

enter the declaratory judgment, so any argument to that effect has been abandoned. N.C.R. App. P. 28(a). Therefore, we affirm the trial court's 18 September 2013 order enforcing its unappealed declaratory judgment.

### III. Conclusion

For the foregoing reasons, we affirm the order of the trial court.

AFFIRMED.

Judges STEPHENS and MCCULLOUGH concur.