CLARENCE KEITH WILLIAMSON, Plaintiff v. JUANITA HUNT WILLIAMSON, Defendant

No. COA00-147

(Filed 3 April 2001)

**Divorce— alimony—cohabitation**

The trial court on 5 August 1998 correctly ordered plaintiff to pay support to defendant from the time of separation, 9 October 1994, until the time defendant began cohabiting, 16 June 1995, where the court had entered an order for postseparation support on 3 December 1996. It is not relevant that defendant began cohabiting prior to either the postseparation support or alimony award; in cases in which the dependant spouse receives alimony or postseparation support pursuant to a judgment or court order, cohabitation or remarriage terminates that spouse's right to receive payments. However, the supporting spouse must file a motion with the court, notify the dependent spouse, and obtain a court order authorizing termination of payments as of a date certain and may not automatically cease paying.

**WILLIAMSON v. WILLIAMSON**

[142 N.C. App. 702 (2001)]

Appeal by defendant from order entered 17 August 1998 by Judge J. Henry Banks in Vance County District Court. Heard in the Court of Appeals 19 February 2001.

*Michael B. Sosna for the defendant-appellant.*

*No brief filed for the plaintiff-appellee.*

EAGLES, Chief Judge.

Plaintiff and defendant were married on 26 November 1971 and were separated 9 October 1994. On 3 December 1996, based on a hearing on 29 October 1996, the trial court entered an order for post-separation support finding that defendant was a dependant spouse and plaintiff was a supporting spouse. The divorce decree was entered 30 October 1996. On 4 June, 25 June, 16 July and 30 July of 1998 the trial court conducted a hearing regarding a pending motion for alimony. On 5 August 1998, plaintiff moved to terminate alimony payments on the basis that defendant was cohabiting. The trial court found that defendant had been cohabiting since 16 June 1995 and ordered that plaintiff pay support to defendant from the time of the separation until the time defendant began cohabiting. From this order, defendant appeals.

The evidence tended to show the following. During the course of the marriage and before the separation, plaintiff engaged in illicit sexual behavior. According to G.S. § 50-16.3A(a), if the supporting spouse commits illicit sexual behavior during the marriage and prior to separation, the dependant spouse shall be paid alimony. Pursuant to the 3 December 1996 order, defendant received postseparation support payments from plaintiff. When defendant applied for an alimony hearing, plaintiff made an oral motion that the trial court receive evidence of cohabitation and modify the defendant's claim because defendant was cohabiting. The trial court denied the motion but during the hearing allowed testimony concerning defendant's cohabitation. Immediately after the hearing, plaintiff moved to modify, suspend or terminate alimony payments pursuant to G.S. § 50-16.9. The trial court ordered that plaintiff was not obligated for alimony or postseparation support payments from the time defendant's cohabitation began.

G.S. § 50-16.9(b) states that if a dependant spouse remarries or cohabitates, alimony "shall terminate":

(b) If a dependent spouse who is receiving postseparation support or alimony from a supporting spouse under a judgment or order of a court of this State **remarries or engages in cohabitation, the postseparation support or alimony shall terminate**. Postseparation support or alimony shall terminate upon the death of either the supporting or the dependent spouse.

As used in this subsection, cohabitation means the act of two adults dwelling together continuously and habitually in a private heterosexual relationship, even if this relationship is not solemnized by marriage, or a private homosexual relationship. Cohabitation is evidenced by the voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, and which include, but are not necessarily dependent on, sexual relations. Nothing in this section shall be construed to make lawful conduct which is made unlawful by other statutes.

G.S. § 50-16.9 (emphasis added). Defendant argues that this statute refers to a modification of alimony. Defendant asserts "cohabitation" is not a defense in an initial action for alimony. We disagree.

Under G.S. § 50-16.9, if the dependant spouse is receiving spousal support payments pursuant to a judgment or order of this state and cohabitates or remarries, "alimony shall terminate." Here, defendant was awarded postseparation support payments at the 29 October 1996 hearing. That the defendant began cohabiting prior to either the postseparation support or alimony award is not relevant. Here, the defendant both received payments pursuant to a court order and engaged in cohabitation since 16 July 1995. The statute clearly and unequivocally states that where these circumstances exist, the support payments shall terminate.

This Court in *Bookholt v. Bookholt*, 136 N.C. App. 247, 253, 523 S.E.2d 729, 733 (1999) faced a similar issue. However, the action in *Bookholt* was filed before 1 October 1995. This Court stated:

Our current statutes affirmatively state that **cohabitation automatically terminates** any alimony obligation. N.C. Gen. Stat. § 50-16.9(b) (1999). However, this statute only applies in actions filed on or after 1 October 1995. *Id.*, Editor's note. Because the instant action was filed 16 July 1993, the automatic termination provision in section 50-16.9(b) is not applicable here.

**WILLIAMSON v. WILLIAMSON**

[142 N.C. App. 702 (2001)]

No such cohabitation provision appeared in the pre-1995 version of the statute.

*Id.* (emphasis added). Here, the original complaint was filed 19 April 1996. The current version of G.S. § 50-16.9 is applicable here.

In cases in which the dependant spouse receives alimony or postseparation support pursuant to a judgment or court order, cohabitation or remarriage terminates that spouse's right to receive payments. G.S. § 50-16.1. This is not to say that a supporting spouse can automatically cease paying the dependant spouse without a court order. The supporting spouse must first file a motion with the trial court, notify the dependant spouse, and obtain a court order authorizing termination of payments as of a date certain.

Accordingly, the order of the trial court is

Affirmed.

Judges HUNTER and CAMPBELL concur.