DIETZ, Judge.
 

 *480
 
 Plaintiff Daniel Orren appeals from the trial court's alimony order. He contends that the trial court erred by denying his request to assert a cohabitation defense at the alimony hearing. The trial court denied Mr. Orren's request in part because the court believed "cohabitation isn't a defense to an alimony claim."
 

 As explained below, this Court has held that cohabitation is a defense to an alimony claim.
 
 Williamson v. Williamson
 
 ,
 
 142 N.C.App. 702
 
 , 704,
 
 543 S.E.2d 897
 
 , 898 (2001). Thus, the trial court acted under a misapprehension of the law when it rejected Mr. Orren's request to assert a cohabitation defense. When a trial court acts under a misapprehension of the law, this Court must vacate the challenged order and remand for the trial court to examine the issue under the proper legal standard.
 
 Stanback v. Stanback
 
 ,
 
 270 N.C. 497
 
 , 507,
 
 155 S.E.2d 221
 
 , 229 (1967). Accordingly, we vacate the trial court's order and remand for further proceedings consistent with this opinion.
 

 Facts and Procedural History
 

 On 17 August 2009, Daniel Orren filed for divorce from his wife, Carolyn Orren, and sought equitable distribution of the parties' property.
 

 *481
 
 On 2 November 2009, Ms. Orren filed an answer and counterclaims for postseparation support, alimony, and equitable distribution.
 

 In June 2012, following a hearing and a consent agreement, the trial court entered an equitable distribution order. In September 2012, the trial court held a hearing on Ms. Orren's request for alimony. At the end of the hearing, the court took the matter under advisement. Later that month, the court drafted an alimony order and mailed it to the Alexander County Clerk of Superior Court for filing, but the clerk's office did not receive it.
 

 Apparently, over the next three years, neither party informed the trial court that the alimony order had not been entered. Finally, in September 2015, Mr. Orren sought leave from the trial court to assert the defense of cohabitation in response to the pending alimony claim. The trial court then discovered that "the Clerk did not receive the Order prepared by the Court." The trial court explained that "[u]pon learning that the Order had not been filed with the Clerk, the Court sought to retrieve the Order but found it impossible to do so due to an earlier malfunction in the home computer." The trial court therefore "elected to reopen the evidence regarding changes in the parties' circumstances which have occurred [since] September 21, 2012." The court held a hearing on 30 September 2015 to take additional evidence with respect to the alimony claim, but rejected Mr. Orren's request to assert the defense of cohabitation.
 

 On 18 April 2016, the trial court entered an alimony order that awarded Ms. Orren alimony, attorneys' fees, and a "distributive award" from a retirement incentive package that Mr. Orren received after entry of the equitable distribution order but before entry of the alimony order. Mr. Orren timely appealed.
 

 Analysis
 

 Mr. Orren first argues that the trial court abused its discretion by rejecting his request to assert cohabitation as a defense to his ex-wife's alimony claim. As explained below, because the trial court acted under a misapprehension of the law, we vacate the trial court's order and remand for further proceedings.
 

 Among other reasons why the trial court rejected Mr. Orren's request to assert a cohabitation defense, the trial court stated that Mr. Orren's request was futile because "cohabitation isn't a defense to an alimony claim." This statement is wrong. In
 
 Williamson v. Williamson
 
 , the trial court permitted evidence of cohabitation at an initial alimony hearing
 
 *482
 
 and then ruled that "plaintiff was not
 
 *474
 
 obligated for alimony or postseparation support payments from the time defendant's cohabitation began."
 
 142 N.C.App. 702
 
 , 703,
 
 543 S.E.2d 897
 
 , 897 (2001). On appeal, the defendant argued that a court may only modify an
 
 existing
 
 alimony award based on cohabitation and cannot consider cohabitation as a defense to an
 
 initial
 
 alimony award. This Court squarely rejected that argument, holding that cohabitation is a defense to an initial award of alimony:
 

 Defendant argues that this statute refers to a modification of alimony. Defendant asserts "cohabitation" is not a defense in an initial action for alimony. We disagree.
 

 Id.
 
 at 704,
 
 543 S.E.2d at 898
 
 .
 

 To be sure, as Ms. Orren points out, the cohabitation statute provides that, "[i]f a dependent spouse
 
 who is receiving
 
 postseparation support or alimony from a supporting spouse ...
 
 engages
 
 in cohabitation, the postseparation support or alimony shall terminate."
 
 N.C. Gen. Stat. § 50-16.9
 
 (b) (emphasis added). Thus, the statute addresses situations in which postseparation support or alimony already has been awarded before the cohabitation begins. But
 
 Williamson
 
 did not limit its holding in that way; it held more broadly that cohabitation is "a defense in an initial action for alimony."
 
 Williamson
 
 ,
 
 142 N.C.App. at 704
 
 ,
 
 543 S.E.2d at 898
 
 . Moreover, the alimony statute provides that, "[i]n determining the amount, duration, and manner of payment of alimony, the court shall consider
 
 all relevant factors
 
 ...."
 
 N.C. Gen. Stat. § 50-16
 
 .3A(b) (emphasis added). The fact that an award of alimony would immediately be subject to termination based on cohabitation is a "relevant factor" the trial court can consider in its initial alimony award. Simply put, as the Court held in
 
 Williamson
 
 , cohabitation may be asserted as a defense to an initial alimony claim.
 

 When a trial court acts under a misapprehension of the law in a discretionary ruling, this Court must vacate the trial court's ruling and remand for reconsideration under the correct legal standard.
 
 Stanback v. Stanback
 
 ,
 
 270 N.C. 497
 
 , 507,
 
 155 S.E.2d 221
 
 , 229 (1967) ;
 
 State v. Grundler
 
 ,
 
 249 N.C. 399
 
 , 402,
 
 106 S.E.2d 488
 
 , 490 (1959). Here, the trial court refused to permit Mr. Orren to assert a cohabitation defense at the alimony hearing in part because "cohabitation isn't a defense to an alimony claim." As explained above, that is incorrect; cohabitation
 
 is
 
 a defense to an alimony claim. Thus, we must vacate the trial court's alimony order and remand for further proceedings.
 

 Mr. Orren also challenges the trial court's "distributive award" of $17,497.28 based on Mr. Orren's receipt of an early retirement incentive
 
 *483
 
 package. Mr. Orren received the retirement award after entry of the equitable distribution order but before entry of the alimony order three years later. The trial court's alimony order states that "[b]ecause the benefits were accrued during the time the parties were married and owned on the date of separation, the Court elects to classify these benefits as marital property which was not distributed pursuant to the Equitable Distribution Order."
 

 Because we vacate the trial court's order and, on remand, the cohabitation issue might bar some or all of the requested alimony, we decline to address this issue because it may be moot. But we observe that, although receipt of a retirement incentive might be a relevant factor to consider in setting the amount of alimony,
 
 see
 

 N.C. Gen. Stat. § 50-16
 
 .3A(b), an alimony order should not (and cannot) be used as a tool to amend an earlier equitable distribution order.
 

 Conclusion
 

 We vacate the trial court's alimony order and remand for further proceedings consistent with this opinion.
 

 VACATED AND REMANDED.
 

 Judges ELMORE and TYSON concur.