ROY GLOVER v. ROWAN MUTUAL FIRE INSURANCE COMPANY.

(Filed 19 November, 1947.)

**1. Insurance § 4—**

Waivers inserted in or attached to a policy of fire insurance which have the effect of making the provisions of the standard policy form more restrictive are void.   G. S., 58-176 (1) and (2), G. S., 58-177 (c).

**2. Insurance § 19b—**

A waiver attached to a policy of fire insurance which provides that the policy should not cover loss caused by fire originating on the property of a neighbor if the property insured is situate within a stipulated distance of the combustible property of a neighbor, is restrictive of the provisions of the standard policy form, and is void.

**3. Insurance § 4—**

The Commissioner of Insurance has no power to authorize or acquiesce in the issuance of policies unauthorized or forbidden by statute.

**4. Public Officers § 5b—**

Where the right to do a thing is dependent upon legislative authority, approval of a ministerial officer cannot authorize that which is forbidden or unauthorized by statute.

APPEAL by defendant from *Alley, J.,* at March Term, 1947, of ROWAN.

Controversy without action involving claim of plaintiff against defendant upon a policy of fire insurance,—submitted for a determination of the rights of the parties, arising upon an agreed statement of facts substantially as summarized in defendant, appellant's, brief, as follows: Plaintiff, a resident of Rowan County, N. C., is the owner in fee of the unencumbered title to certain property in said county involved in this controversy.

The defendant is a mutual fire insurance company, incorporated under the laws of North Carolina in the year 1902, for the purpose of providing fire insurance for its members upon an assessment basis. Under the terms of its charter the defendant is restricted to the issuance of policies upon rural properties in Rowan County belonging to its members.

The defendant conducts its business under the provisions of its constitution and by-laws, duly adopted by its members. Section III, Article 3, of the constitution, contains the following: "If any building insured under this policy is constructed of wood and covered with wood and situate within two hundred (200) feet of the combustible property of a neighbor, or is constructed of wood and covered with slate, asphalt or metal and situate within one hundred and fifty (150) feet of the combustible property of a neighbor, or is constructed of brick and metal and situate within one hundred (100) feet of the combustible property of a

neighbor, and is damaged or destroyed by fire or lightning from cause arising from adjacent building or buildings, other than outbuildings belonging to the Assured, this policy is null and void and of no effect."

Approximately twenty years prior to the institution of this action the plaintiff erected a garage and two tenant houses situate in an undeveloped area some distance outside the corporate limits of the City of Salisbury, there being no building on adjoining property within 150 feet of any of said structures. Upon completion of said structures the plaintiff became a member of the defendant, and as such member insured said structures against loss by fire in the defendant company in the sum of $1,200, receiving a policy of insurance, upon the face of which was clearly printed Section III, Article 3, of the constitution and by-laws above quoted.

Some ten years later the owner of the adjoining property, one E. A. Goodman, erected a frame dwelling within 150 feet of the plaintiff's property.

Subsequently to the enactment of Chapter 378 of the 1945 Session Laws, which provides (Sec. 58-177) that "No fire insurance company shall issue fire insurance policies in this State other than those of the standard form as set forth in Sec. 58-176," the defendant adopted the standard policy prescribed by said Act and submitted the same for approval to the Commissioner of Insurance of North Carolina, who approved said policy, together with the waiver appearing on page 3 of said policy, which waiver conforms to Section III, Article 3, of the defendant's constitution hereinbefore quoted.

On 6 September, 1946, the plaintiff's garage and tenant houses were totally destroyed by fire which originated in the Goodman building, a frame structure within one hundred fifty (150) feet of the plaintiff's property,—said garage and tenant house having at the time an actual cash value of $1,200.00.

Upon these facts plaintiff prays judgment against defendant in the sum of $1,200, together with costs of the proceeding, and defendant prays that plaintiff take nothing by this proceeding and that it recover of plaintiff its costs, to be taxed by the Clerk.

The court, after having heard argument of counsel for plaintiff, and of counsel for defendant, being of opinion and concluding upon the facts agreed that plaintiff is entitled to recover of defendant the sum of $1,200, together with interest as stated, entered judgment therefor with costs to be taxed.

Defendant appeals therefrom to the Supreme Court and assigns error.

*Craige & Craige for plaintiff, appellee.*
*Linn & Shuford for defendant, appellant.*

WINBORNE, J.   This is the pivotal question on this appeal: Are the provisions of Section III of Article 3 of the constitution of defendant and incorporated as "Waiver" in the fire insurance policy upon which claim is based, restrictive of the provisions of the form of the "Standard Fire Insurance Policy of the State of North Carolina," adopted by the General Assembly as set out in Chapter 378, 1945 Session Laws of North Carolina?

The judgment below is based, necessarily, upon an affirmative answer and, with it, we are in agreement.

The Insurance Law of this State, Chapter 58 of the General Statutes, pertinent to question here under consideration, provides that: "It is unlawful for any company to make any contract of insurance upon or concerning any property . . . unless and except as authorized under the provisions of this chapter." G. S., 58-29.

The General Assembly amended the Insurance Law in 1945, and, among other things, repealed sections G. S., 58-176, and G. S., 58-177, as they existed, and enacted in lieu thereof new sections of same numbers with subsections.   See Chapter 378 of 1945 General Session Laws of North Carolina.   In the new section, G. S., 58-176 (1), there is prescribed the printed form of a policy of fire insurance, to be known and designated as the "Standard Fire Insurance Policy of the State of North Carolina"; and in G. S., 58-176 (2), it is provided that "no policy or contract of fire insurance shall be made, issued or delivered by any insurer or by any agent or representative thereof, on any property in this State, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy."

And in the new section, G. S., 58-177, relating to permissible variations from the standard form, the General Assembly declares that "no fire insurance company shall issue fire insurance policies on property in this State other than those of the standard form as set forth in section fifty-eight–one hundred seventy-six, except as follows . . . (c) A company may write or print upon the margin or across the face of the policy, or upon separate slips or riders to be attached thereto, provisions adding to or modifying those contained in the standard form . . . : Provided, however, such provisions shall not have the effect of making the provisions of the standard policy form more restrictive."

Thus it is seen that the statute permits such rider or waiver as does not have "the effect of making the provisions of the standard policy form more restrictive."

The question here then is whether the "waiver" in the policy issued by defendant to plaintiff, as above quoted, is restrictive of the form of the standard policy.   This "waiver," in essential part, reads as follows: "If any building insured under this policy is constructed of wood . . .

and situate within one hundred and fifty (150) feet of the combustible property of a neighbor . . . and is damaged or destroyed by fire or lightning from cause arising from adjacent building . . . other than outbuildings belonging to the assured, this policy is null and void and of no effect."

Manifestly, it is restrictive in character—rather than descriptive of the sole risk classification underwritten by defendant, as suggested by appellant. Moreover, while the statement of agreed facts shows that the form of standard policy was adopted by defendant subsequent to passage of the 1945 Act, and had been approved by the Commissioner of Insurance of North Carolina, together with the said "Waiver" clause, such approval of the "waiver" clause would not validate it, if in conflict with the provisions of the statute. And we do not understand that appellant so contends. The fact that it was submitted indicates good faith. In this connection the Commissioner of Insurance has no power to authorize or acquiesce in the issuance of policies unauthorized or forbidden by the statute. When the right to do a thing depends upon legislative authority, and the Legislature has failed to authorize it, or has forbidden it, the approval of the doing of it by a ministerial officer cannot create a right to do that which is unauthorized or forbidden. See *Dept. of Ins. of Ind. v. Church Members Relief Assn.*, 217 Ind., 58, 26 N. E. (2d), 51, 128 A. L. R., 635. See also 19 Am. Jur., p. 818.

Further, it is a general rule of law that agreements against public policy are illegal and void. And agreements are against public policy when they tend to the violation of a statute. *Cauble v. Trexler,* 227 N. C., 307, 42 S. E. (2d), 77.

Furthermore, as appellant contends that the statute should not be so construed as to require it to write such classification risk as would defeat the purpose of its organization and virtually force it out of existence, it is not inappropriate to say that the effect of the 1945 statute upon the purpose for which defendant was incorporated, may not be so direful after all. If it wishes to insure only such properties as are situated outside the limits set out in the restrictive provisions of the "waiver" clause, no doubt it can insure only that class of property. The provisions of the "waiver" only exclude the properties which are situated within such limits. But the "waiver" inserted in a policy which undertakes to insure property within the limits of the prohibited territory, is restrictive, and void.

The judgment below is
Affirmed.