IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1033

Filed: 18 August 2020

Carteret County, No. 18 CVS 1139

THE BROAD STREET CLINIC FOUNDATION, Plaintiff,

v.

ORIN H. WEEKS, JR., Individually and as Trustee of the Orin H. Weeks, Jr. Revocable Living Trust, PLANTATION VENTURE, LLC, IZORAH, LLC, EDWARD HILL, LLC, ROBERT H., LLC, and CARTERET-CRAVEN ELECTRIC MEMBERSHIP CORPORATION, Defendants.

Appeal by plaintiff from order entered 20 May 2019 by Judge George F. Jones in Carteret County Superior Court. Heard in the Court of Appeals 10 June 2020.

> *Harvell and Collins, P.A., by Wesley A. Collins and Samuel K. Morris-Bloom, for plaintiff-appellant.*

> *Ward and Smith, P.A., by Michael J. Parrish and Alex C. Dale, for defendants-appellees Orin H. Weeks, Jr., individually and as Trustee of The Orin H. Weeks, Jr. Revocable Living Trust, Izorah, LLC, Edward Hill, LLC, and Robert H., LLC.*

> *White & Allen, P.A., by John P. Marshall, and Womble Bond Dickinson (US) LLP, by Michael Montecalvo, for defendant-appellee Plantation Venture, LLC.*

> *Blanco Tackabery & Matamoros, P.A., by Chad A. Archer and Ashley S. Rusher, for defendant-appellee Carteret-Craven Electric Membership Corporation.*

ZACHARY, Judge.

Plaintiff The Broad Street Clinic Foundation appeals from the trial court's

order granting Defendants' motions to dismiss its claims, asserting that the provision

of a deed that Plaintiff seeks to enforce is not an unenforceable transfer fee covenant. After careful review, we affirm.

## *Background*

The relevant factual allegations of Plaintiff The Broad Street Clinic Foundation's (the "Clinic's") complaint, which for purposes of this appeal are taken as true, are as follows: Among other assets, John R. Jones owned three valuable tracts of land, consisting of approximately 60 acres in Carteret County, North Carolina (the "Property"). Upon his death on 23 April 2015, Mr. Jones's 88-year-old wife, Lois B. Jones, inherited the Property.

Shortly after Mr. Jones's death, Mrs. Jones and Orin H. Weeks, Jr., negotiated the sale of the Property to Weeks. Although the Property's tax value exceeded $800,000, Weeks offered Mrs. Jones approximately $200,000; however, he suggested that the deed contain a provision obligating Weeks to give 25% of the proceeds of the first conveyance of the Property to the charitable organization of her choice. Mr. Jones was a dedicated supporter of the Clinic, a non-profit, free health clinic that provides medical care to underserved individuals in Carteret County and the surrounding areas. Accordingly, Mrs. Jones designated the Clinic as the charitable organization to benefit from Weeks's first conveyance of the Property.

Mrs. Jones agreed to accept Weeks's offer of $200,000 for the Property, with the proviso that she retain a life estate in the Property, and that the deed provide

that the Clinic would receive 25% of the proceeds of the first conveyance of the Property.

On 21 May 2015, Mrs. Jones conveyed the Property to Weeks, and retained a life estate. On 22 May 2015, the deed was recorded at Book 1509, Page 191, Carteret County Register of Deeds (the "Jones Deed"). The deed, which the Clinic contends was prepared by Weeks's attorneys, also contained the agreed-upon "25% Provision."

> And the party of the second part, [Weeks,] for itself and its successors and assigns, hereby covenants and agrees with the parties of the first part[, Mrs. Jones,] that *upon the first conveyance of the Property from* [*Weeks*] *or its successors or assigns to a party other than Orin H. Weeks, Jr. or an heir or devisee of Orin H. Weeks, Jr.,* [*Weeks*] *or its successor or assign, as the case may be, will pay twenty-five percent (25%) of the gross proceeds less all customary costs (excluding any debt repayment) to be received by* [*Weeks*] *to The Broad Street Clinic Foundation*, or if The Broad Street Clinic Foundation does not then exist, then to Carteret County General Hospital Foundation Corporation, or if Carteret County General Hospital Foundation Corporation does not then exist, then to a similar non-profit organization serving Carteret County and Eastern North Carolina chosen by [Weeks].

(Emphasis added).

Mrs. Jones died later that year. The Clinic alleges that, following Mrs. Jones' death, Weeks "or a presently unknown associate" formed four limited liability companies: Defendant Plantation Venture, LLC; Defendant Izorah, LLC; Defendant Robert H., LLC; and Defendant Edward Hill, LLC.

On 17 August 2017, Weeks recorded a gift deed conveying title to a portion of the Property to Plantation Venture, LLC. On 24 January 2018, Weeks conveyed approximately 10.35 acres of the Property by special warranty deed to Defendant Robert H., LLC; approximately 10.33 acres of the Property by special warranty deed to Defendant Izorah, LLC; and approximately 10.44 acres of the Property by special warranty deed to Defendant Edward Hill, LLC. The revenue stamps on the Robert H., LLC deed, the Izorah, LLC deed, and the Edward Hill, LLC deed indicate that the land was conveyed for no consideration. On 22 February 2018, Plantation Venture, LLC, used 4.588 acres of the land as collateral for a $750,000 loan from Defendant Carteret-Craven Electric Membership Corporation, and executed a deed of trust and security agreement securing the loan.

The Clinic eventually learned about Weeks's conveyance to Plantation Venture, LLC and, by letter dated 14 June 2018, demanded payment in accordance with the 25% Provision. By letter dated 18 June 2018, Weeks informed the Clinic's counsel that no proceeds had been generated by the conveyance, and that therefore the Clinic was "not entitled to anything."

On 6 November 2018, the Clinic filed its complaint against Defendants and its notice of *lis pendens*. On 16 November 2018, the Clinic filed an amended complaint, adding Defendant Carteret-Craven Electric Membership Corporation as a named party. The amended complaint included two requests for declaratory judgment, as

well as a claim to void transfers of trust property, and claims for breach of contract/covenant (Weeks only); breach of fiduciary duty (Weeks only); constructive fraud (Weeks only); interference with prospective advantage (Plantation Venture, LLC; Izorah, LLC; Edward Hill, LLC; and Robert H., LLC only); fraud (excluding Carteret-Craven Electric Membership Corporation); unjust enrichment (excluding Carteret-Craven Electric Membership Corporation); civil conspiracy (excluding Carteret-Craven Electric Membership Corporation); punitive damages (excluding Carteret-Craven Electric Membership Corporation); unfair and deceptive trade practices (excluding Carteret-Craven Electric Membership Corporation); and piercing the limited liability shield (excluding Carteret-Craven Electric Membership Corporation).

On 21 December 2018, Weeks, individually and as Trustee of the Orin H. Weeks, Jr., Revocable Living Trust; Izorah, LLC; Edward Hill, LLC; and Robert H., LLC moved to dismiss the Clinic's claims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, and filed their answer to the Clinic's amended complaint. In their answer, these defendants asserted, *inter alia*, that the Clinic "has no right to bring any claim against" them because, "[t]o the extent that the Jones Deed required the payment of any amount of proceeds to the Clinic upon the sale of any portion of the [Property], such a requirement is void, invalid, and/or unenforceable as a matter of North Carolina law and public policy," in that "[a]ny

such requirement is a transfer fee covenant which is specifically prohibited by, and deemed void under, N.C. Gen. Stat. § 39A-1 *et seq.*" That same day, Plantation Venture, LLC also moved to dismiss the Clinic's claims pursuant to Rule 12(b)(6), asserting that the 25% Provision "is an unenforceable 'transfer fee covenant' prohibited by N.C. Gen. Stat. §39A." Plantation Venture, LLC filed its answer to the Clinic's amended complaint as well. Lastly, on 27 December 2018, Carteret-Craven Electric Membership Corporation moved to dismiss the Clinic's claims pursuant to Rule 12(b)(1) and (6), and moved for attorneys' fees.

On 7 January 2019, Defendants' motions came on for hearing in Carteret County Superior Court before the Honorable George F. Jones. On 20 May 2019, the trial court entered an order granting Defendants' motions to dismiss. The Clinic entered timely notice of appeal.

## *Discussion*

Each of the Clinic's claims is predicated on the enforceability of the 25% Provision. Accordingly, the determinative issue at bar is whether the 25% Provision in the Jones Deed is an unenforceable transfer fee covenant.

### I. <u>*Standard of Review*</u>

A party may move for the dismissal of a claim or claims based on the complaint's "[f]ailure to state a claim upon which relief can be granted[.]" N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2019). "The motion to dismiss under N.C. R. Civ. P.

12(b)(6) tests the legal sufficiency of the complaint." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citation omitted). "In ruling on the motion[,] the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Id.* (citation omitted). "[T]he well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not[.]" *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970) (citation omitted).

Dismissal of a claim under Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports [the] plaintiff's claim; (2) when the complaint reveals on its face the absence of facts sufficient to make a claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Intersal, Inc. v. Hamilton*, 373 N.C. 89, 98, 834 S.E.2d 404, 411 (2019) (citation omitted). "However, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle the plaintiff to relief." *Id.* (citation and internal quotation marks omitted).

Upon review of a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, this Court must determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim

upon which relief could be granted under some legal theory." *McGuire v. Dixon*, 207 N.C. App. 330, 336, 700 S.E.2d 71, 75 (2010) (citation omitted). In doing so, "this Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Wilson v. Pershing*, 253 N.C. App. 643, 651, 801 S.E.2d 150, 157 (2017) (citation and internal quotation marks omitted).

## II. *Analysis*

On appeal, the Clinic argues that the trial court erred by granting Defendants' motions to dismiss because the 25% Provision is not a transfer fee covenant under Chapter 39A, and if it were, it is nonetheless enforceable.

Transfer fee covenants are prohibited under Chapter 39A of the North Carolina General Statutes. North Carolina's "public policy . . . favors the marketability of real property and the transferability of interests in real property free from title defects, unreasonable restraints on alienation, and covenants or servitudes that do not touch and concern the property." N.C. Gen. Stat. § 39A-1(a). "A transfer fee covenant violates this public policy by impairing the marketability of title to the affected real property and constitutes an unreasonable restraint on alienation and transferability of property, regardless of the duration of the covenant or the amount of the transfer fee set forth in the covenant." *Id.* § 39A-1(b).

In accordance with the public policy enunciated by our General Assembly in Chapter 39A, transfer fee covenants are unenforceable.

> Any transfer fee covenant or any lien that is filed to enforce a transfer fee covenant or purports to secure payment of a transfer fee, *shall not run with the title to real property* and *is not binding on or enforceable at law or in equity* against any subsequent owner, purchaser, or mortgagee of any interest in real property as an equitable servitude or otherwise.

*Id.* § 39A-3(a) (emphases added).

Whether the 25% Provision of the Jones Deed constitutes an unenforceable transfer fee covenant under Chapter 39A is a matter of statutory interpretation. "Statutory interpretation properly begins with an examination of the plain words of a statute. When a statute is clear and unambiguous, the Court will give effect to the plain meaning of the words without resorting to judicial construction." *McGuire*, 207 N.C. App. at 337, 700 S.E.2d at 75 (citations and internal quotation marks omitted).

*A. Transfer Fee Covenant*

A transfer fee covenant as defined in Chapter 39A is "a declaration or covenant purporting to affect real property that requires or purports to require the payment of a transfer fee to the declarant or other person specified in the declaration or covenant or to their successors or assigns, upon a subsequent transfer of an interest in real property." N.C. Gen. Stat. § 39A-2(3). Chapter 39A defines a transfer fee, in pertinent part, as:

a fee or charge payable upon the transfer of an interest in real property or payable for the right to make or accept such transfer, regardless of whether the fee or charge is a fixed amount or is determined as a percentage of the value of the property, the purchase price, or other consideration given for the transfer.

*Id.* § 39A-2(2).

The Clinic contends that the 25% Provision is not a fee or charge as defined by *Black's Law Dictionary*, which defines the term "fee" as "[a] charge or payment for labor or services, esp[ecially] professional services," and the term "charge" as "[p]rice, cost, or expense[.]" *Black's Law Dictionary* (10th ed. 2014). In the Clinic's view, the right to a percentage of the proceeds of the first conveyance of the Property is materially different from a fee or charge. A thorough appraisal of Chapter 39A does not support the narrow reading propounded by the Clinic. Upon review of the plain language of the statute, to which this Court must give effect, a charge of 25% of the gross proceeds of the first conveyance, less customary costs, is manifestly "a fee or charge payable upon the transfer of an interest in real property . . . as a percentage of . . . the purchase price, . . . given for the transfer." N.C. Gen. Stat. § 39A-2(2).

In addition, the Clinic asserts that the 25% Provision is not a fee or charge upon transfer under Chapter 39A, but is rather the payment of subsequent additional consideration for the Property. N.C. Gen. Stat. § 39A-2(2)(a)-(j) sets forth several types of fees that "shall not be considered a 'transfer fee' " within the purview of Chapter 39A. *Id.* Subsection (a) exempts from the definition of transfer fee

> [a]ny consideration payable by the grantee to the grantor for the interest in real property being transferred, including any *subsequent additional consideration for the property* payable by the grantee based upon any subsequent appreciation, development, or sale of the property that, once paid, shall not bind successors in title to the property.

*Id.* § 39A-2(2)(a) (emphasis added).

Weeks's obligation to pay a percentage of the proceeds to the Clinic upon sale of the Property seems consonant with the statutory definition of additional consideration, given the low price Weeks paid for the Property. However, the statute plainly provides that the additional consideration must be payable "by the grantee to the grantor." *Id.* "This language is clear and unambiguous, and we are not at liberty to divine a different meaning through other methods of judicial construction." *Haarhuis v. Cheek*, 261 N.C. App. 358, 366, 820 S.E.2d 844, 851 (2018) (citation and internal quotation marks omitted), *disc. review denied*, 372 N.C. 298, 826 S.E.2d 708 (2019).

In the instant case, the 25% Provision calls for payment by the grantee, Weeks, *to a third party*, the Clinic, rather than to the grantor. Thus, the 25% Provision is not exempt from the definition of a transfer fee, and is instead a fee or charge upon transfer of the Property, as defined in Chapter 39A.

### B. *Enforceability of a Transfer Fee Covenant*

The Clinic also argues that even if the 25% Provision were a transfer fee covenant, it is enforceable against Weeks because Weeks is a covenanting party to

the deed rather than a subsequent owner or purchaser of the Property, and against the successor LLCs because they exist merely as the alter ego of Weeks. This argument also lacks merit.

N.C. Gen. Stat. § 39A-3(a) provides that transfer fee covenants are "not binding on or enforceable at law or in equity against any subsequent owner, purchaser, or mortgagee of any interest in property." The Clinic correctly states that Weeks was a party to the transfer fee covenant, and that Chapter 39A does not include covenanting parties in the list of those against whom a transfer fee covenant may not be enforced. Nevertheless, Weeks is also a subsequent owner of the Property, taking his interest from Mrs. Jones. Chapter 39A does not exclude subsequent owners who are also covenanting parties from the prohibition on enforcement.

Here, the parties interpret the meaning and significance of the provisions of Chapter 39A differently; that does not, however, render it ambiguous. Ambiguity exists where the language is "reasonably susceptible" to different interpretations. *See Simmons v. Waddell*, 241 N.C. App. 512, 520, 775 S.E.2d 661, 671 (citation omitted), *disc. review denied*, 368 N.C. 355, 776 S.E.2d 684 (2015). However, "[p]arties can differ as to the interpretation of language without its being ambiguous[.]" *Walton v. City of Raleigh*, 342 N.C. 879, 881-82, 467 S.E.2d 410, 412 (1996).

When Chapter 39A is read and interpreted as a whole, it is evident that the 25% Provision is a transfer fee covenant, and that Weeks is a subsequent owner

against whom a transfer fee covenant cannot be enforced. Our legislature has provided that transfer fee covenants "shall not run with the title to real property and [are] not binding on or enforceable at law or in equity against any subsequent owner, purchaser, or mortgagee of any interest in real property as an equitable servitude or otherwise." N.C. Gen. Stat. § 39A-3(a). Thus, the Clinic cannot enforce the 25% Provision.

## C. *Equitable Relief*

Finally, the Clinic contends that Defendants are estopped from asserting that the 25% Provision is an unenforceable transfer fee covenant, reminding this Court that "[e]quity serves to moderate the unjust results that would follow from the unbending application of common law rules and statutes." *Brooks v. Hackney*, 329 N.C. 166, 173, 404 S.E.2d 854, 859 (1991).

Yet Chapter 39A specifically provides that transfer fee covenants are not "enforceable at law or *in equity*," N.C. Gen. Stat. § 39A-3 (emphasis added), and therefore, this Court is not empowered to achieve an equitable result in this matter. As Weeks concedes, he proposed a purchase price of approximately one quarter of the property's tax value, and he "suggested that 25% of any future sales proceeds be given to a charity." Yet, at Weeks's request, his attorneys prepared a deed with an unenforceable transfer fee covenant. Nevertheless, Weeks correctly maintains that our courts have declined to enforce a promise that is in violation of public policy. *See,*

*e.g.*, *Thompson v. Thompson*, 313 N.C. 313, 314-15, 328 S.E.2d 288, 290 (1985) (noting that an attorney's contingency fee agreement in a domestic matter was unenforceable because it was void as against public policy); *Glover v. Insurance Co.*, 228 N.C. 195, 198, 45 S.E.2d 45, 47 (1947) (holding that an insurer could not enforce exclusion in fire insurance policy, which deviated from the requisite standard form, as void as against public policy); *Lee v. Oates*, 171 N.C. 717, 721, 88 S.E. 889, 891 (1916) (holding that a provision in a deed prohibiting a life tenant from selling her life estate was void as against public policy).

Lacking the authority to effectuate another outcome, we must agree with Weeks's assertion that "[w]hether to honor [his] promise is a decision that is personal to [him], but is not one that the law may compel[.]"

### *Conclusion*

Accordingly, in that the facts alleged in the Clinic's complaint necessarily defeat its claims, we affirm the trial court's order granting Defendants' motions to dismiss. Because the dispositive issue is whether the 25% Provision constitutes an unenforceable transfer fee covenant, and we have held that it does, we decline to address additional arguments.

AFFIRMED.

Judges BERGER and BROOK concur.